## J. S. LOCKWOOD & MANNING v. J. M. BROWNSON.

### (Case No. 3730.)

LETTER OF CREDIT — DRAFTS. — A banking house in San Antonio wrote the following letter:

"SAN ANTONIO, April 29, 1875.

"MESSRS. D. & BRO.— Gentlemen — Messrs. B. & Co., of St. Louis, write us to pay all your drafts for cattle purchases. We will furnish all funds for these purchases, taking your drafts for them.

"Respectfully, . L. & M."

Afterwards, D. & Bro. drew their sight draft on L. & M. in favor of a third party, and at the same time drew on B. & Co. in favor of L. & M. to cover the amount at twenty days. The draft on L. & M. was protested, and in a suit by the holder against L. & M., *held,*

1. The letter of credit of April 29, was only such on condition that D. & Bro. should draw in favor of L. & M. on B. & Co., to cover any drafts drawn by D. & Bro. on L. & M.

2. Compliance with this condition was in the nature of a condition precedent.

3. A draft on B. & Co. in favor of L. & M. at twenty days to cover the sight draft, was not a compliance with the condition.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

Suit by J. M. Brownson, a banker, of Victoria, Texas, against J. S. Lockwood & Manning, bankers, of San Antonio, Texas, to recover the amount of a draft drawn by H. E. Drum & Bro. on J. S. Lockwood & Manning, the appellants, in favor of J. M. Brownson, the appellee.

On the 29th day of April, 1875, J. S. Lockwood & Manning wrote the following letter to H. E. Drum & Bro., viz.:

SAN ANTONIO, TEXAS, April 29, 1875.

Messrs. H. E. DRUM & BRO.:

*Gentlemen* — Messrs. Buchanan & Co., of St. Louis, write us to pay all your drafts for cattle purchases. We will furnish all funds for these purchases, taking your drafts for them.

Respectfully,

J. S. LOCKWOOD & MANNING.

On the 21st of June, 1875, H. E. Drum & Bro., per W. E. Drum, drew a draft on J. S. Lockwood & Manning, as follows, viz.:

$1,067.91.                    Victoria, Texas, June 21, 1875.
J. S. Lockwood & Manning, Bankers, San Antonio:

Pay to J. M. Brownson, or order, with exchange on Galveston, one thousand sixty-seven 91-100 dollars.

H. E. Drum & Bro.,<br>Per W. E. Drum.

The draft was duly presented and payment refused, and on the 16th day of July, 1875, the draft was protested for non-payment.

J. M. Brownson brought this suit against J. S. Lockwood & Manning, and recovered judgment against them for the amount of said draft, interest and costs.

J. M. Brownson testified that he advanced the money to Drum & Bro. on the faith of the letter of Lockwood & Manning, and construed the concluding sentence of that letter to mean that Drum & Bro. should draw on Buchanan & Co., in favor of Lockwood & Manning, to cover any drafts which Drum & Bro. might draw on Lockwood & Manning. That condition the witness stated that he saw complied with by Drum & Bro., and he mailed their draft on Buchanan & Co., in favor of Lockwood & Manning, at twenty days to cover the amount advanced by him, which was sent by the same mail which carried to Lockwood & Co. the draft sued on. There was much other testimony by him not necessary to be detailed in view of the opinion.

*Simpson & James* for appellants.— The letter is not in law or equity a letter of credit, and by its terms did not justify the advance made by Brownson to Drum & Bro. so as to bind appellants.

The document referred to cannot on its face, or by the light of authorities, be construed as a letter of credit. The letter is rather peculiar in its wording, but the meaning seems to be

plain. It is short and in two sentences. First, "Buchanan & Co., of St. Louis, write us to pay all your drafts for cattle purchases." Very well; that is a simple communication, no promise there, no assumpsit, nothing to give credit or mislead the unwary. The remaining clause of the letter is this: "We will furnish all funds for these purchases, taking your drafts for them."

There is the promise, there is the obligation, and wherein does it authorize third parties to give credit or advance money to Drum & Bro.? On the contrary, it distinctly asserts that they, Lockwood & Manning, will furnish the funds for the purchase of cattle and take the drafts of Drum & Bro. on Buchanan & Co. for the amount of such advances,—the consideration, it is presumed, being the premium for exchange. There is no promise to pay the drafts of Drum & Bro. on Lockwood & Manning, but to furnish them money and take drafts to reimburse themselves. How can such a letter raise, even by implication, a privity of contract between the writers of the letter and any stranger who may choose to step into Lockwood & Manning's shoes and furnish funds for cattle purchases and take drafts, not on Buchanan & Co., but on Lockwood & Manning? We contend, therefore, that it is clear that the letter, interpreted in the light of the definition of letters of credit given in the elementary works, and of the construction of letters of credit by the courts, is in no sense a letter of credit, or an instrument negotiable, but simply a private communication, upon which no cause of action against appellants could possibly be founded by a bargain between Drum & Bro. and Brownson or any other stranger.

Wherefore we claim that our demurrer should have been sustained. Bouv. Law Dic., vol. 2, p. 27; Ranger *v.* Sargent, 36 Tex., 26; Roman *v.* Serna, 40 Tex., 306; 5 Hill (N. Y.), 642.

*Wœlder & Upson* for appellee. — The instrument sued on is a letter of credit as defined by the authorities, and when

Drum & Bro. drew their draft on Lockwood & Manning, and the draft was paid by Brownson on the strength of such letter, the appellants became bound to pay the amount of the draft to the appellee.   Raymond v. Mann, 45 Tex., 301; Lawrason v. Mason, 3 Cranch, 492; Louisville Manufacturing Co. v. Welch, 10 How., 472; Kohn & Weil v. First National Bank of Fort Scott, 15 Kan., 428 (15 Am. Law Reg., N. S., 313); Smith v. Ledyard, 49 Ala., 279; Smith's Merc. Law (3d ed.), 565, note.

GOULD, ASSOCIATE JUSTICE.— The letter of credit or written contract on which Brownson brings this suit, was, we think, correctly construed by him, as making it "a condition that H. E. Drum & Bro. should draw in favor of J. S. Lockwood & Manning on Buchanan & Co., to cover any drafts which H. E. Drum & Bro. might draw upon Lockwood & Manning." Read in the light of the surrounding circumstances, we think the letter showed that compliance with this condition was in the nature of a condition precedent to the obligation to pay. The conditional promise was not more binding than a conditional acceptance of a bill of exchange.   See 1 Parsons on Bills and Notes, pp. 297, 302–304; 1 Daniels on Neg. Inst., secs. 508–9 et seq.; Byles on Bills, p. 242 [150].   But certainly there is nothing in the letter to indicate that a draft payable, not at sight, but at twenty days after sight, would be received as covering sight drafts on Lockwood & Manning; and the oral testimony, instead of showing such an understanding, shows the contrary.   So far as the evidence discloses, Brownson had no right to assume "that the twenty days after sight draft which Drum & Bro. drew on Buchanan & Co. in favor of Lockwood & Manning, and which was mailed to Lockwood & Manning, was a draft which covered the draft bought by him."   Under the evidence, the plaintiff showed no right of action on the contract sued on, and the judgment of the court should have been for defendants.   It is to be remarked that the petition was defective in failing to

aver performance of the condition. The court, however, over-ruled the exception to the petition, and gave judgment for the plaintiff. As it is possible, if the court had ruled differently, the plaintiff might have amended, showing a cause of action outside of the letter, or have adduced other evidence in support of his right to recover under the letter,—it is deemed proper to remand the case in order to give him an opportunity to do so, if he can.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered June 22, 1880.]