## CHILDRESS v. WOLF. (No. 6841.)

(Court of Civil Appeals of Texas. April 8, 1925. Rehearing Denied May 13, 1925.)

**1. Trial** ⟐403—**Findings of fact and conclusions of law filed more than ten days after adjournment cannot be considered.**

Under Rev. St. arts. 1989, 2075, findings of fact and conclusions of law, filed by trial court more than ten days after adjournment of term at which case is tried, cannot be considered for any purpose on appeal, even if parties agree to have them considered.

**2. Appeal and error** ⟐1071 (1)—**When failure of trial court to file findings of fact and conclusions of law requires reversal stated.**

Where statement of facts shows affirmatively that no injury could have resulted because of failure of trial court to file findings of fact and conclusions of law, as required by Rev. St. arts. 1989, 2075, appellant is not entitled to reversal, if facts are undisputed or issues of· fact are not controverted, but if evidence is conflicting or issues of facts are disputed, judgment of trial court must be reversed.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Pleading ⚖⟶276—Consent of court to filing supplemental pleadings required.**

Under rule 11 of district and county courts, requiring party filing supplement to pleading to give notice thereof by asking leave of court, plaintiff should not be permitted, just before announcing ready for trial, to file supplementary pleadings working delay or postponement of case without notice to adverse party, or without court's consent.

Appeal from Travis County Court; Geo. S. Matthews, Judge.

Action by I. D. Childress against John Wolf, Sr. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Cofer & Cofer, of Austin, for appellant.
Wm. Blakeslee, of Austin, for appellee.

BAUGH, J. We copy the following brief statement of the case from appellant's brief:

"Appellant sued appellee for commission for the sale of two tracts of land. Appellee answered by general demurrer, general denial, and special pleas. Appellant replied by his first supplemental petition, which, on objection by appellee, the court refused to consider. A trial before the court without a jury resulted in a final judgment against appellant that he take nothing. Appellant's motion for new trial was overruled, and he excepted and gave his notice of appeal, perfecting same by bond, assigned errors, and now brings this cause by appeal to this court."

Appellant's first and second assignments of error will be considered together. They are as follows:

"First. The honorable court and the judge thereof erred in not complying with appellant's written request for findings of facts and conclusions of law, which request was filed immediately after notice of appeal was given on November 24, 1923, and called to the judge's attention in open court and noted on the judge's docket before the adjournment of the court for the term, and in not filing such findings and conclusions within ten days after the adjournment of the court on November 24, 1923.

"Second. The honorable trial court and the judge thereof erred in filing and incumbering the record with his statement, purporting to be findings of fact and conclusions of law on December 15, A. D. 1923, because the court had adjourned on November 24, A. D. 1923, and after the expiration of ten days after such adjournment, the judge was, on said December 15, A. D. 1923, without authority to file findings of fact and conclusions of law, and such findings and conclusions so filed after the expiration of such statutory period are a nullity and have no place in the record."

[1] It is well settled that under articles 1989 and 2075, Revised Statutes 1911, the court must file his findings of fact and conclusions of law within ten days after adjournment of the term at which the case is tried. It is likewise well settled that such findings of fact and conclusions of law filed after the expiration of such time are a nullity and cannot be considered for any purpose. Velasco Fish & Oyster Co. v. Tex. Co. (Tex. Civ. App.) 148 S. W. 1184; Dennis v. Kendrick (Tex. Civ. App.) 163 S. W. 693; I. & G. N. Ry. Co. v. Mudd (Tex. Civ. App.) 179 S. W. 686; Terrell v. Otis Elevator Co. (Tex. Civ. App.) 248 S. W. 467; Wandry v. Williams, 103 Tex. 91, 124 S. W. 85. And this is true even though the parties may agree to have them considered. Sands v. Lemmerhirt (Tex. Civ. App.) 262 S. W. 126. Such findings and conclusions, in the instant case, having been made more than ten days after adjournment, are therefore improperly in the record, and cannot be considered.

[2] A statement of facts accompanies the record, however, and appellee insists that, such being the case, before appellant is entitled to a reversal he must show injury, notwithstanding the trial court's failure to file his conclusions in time. There has been some confusion in the opinions of the courts as to just when an appellant will be entitled to a reversal in such cases where a properly certified statement of facts accompanies the record. It seems now pretty well settled, however, that where such statement of facts, or the record, shows affirmatively that no injury did result, or could have resulted, to appellant, by reason of such omission or dereliction of the trial court, he is not entitled to a reversal. Where the facts are undisputed or the issues of fact not controverted, this is undoubtedly true. See Emery v. Barfield (Tex. Civ. App.) 156 S. W. 314; Gerhart v. Moore (Tex. Civ. App.) 229 S. W. 876; Riley v. Austin, 112 Tex. 216, 245 S. W. 907. However, where in such cases the evidence is conflicting, or the issues of fact are disputed, it now seems well settled that, in the absence of findings of fact and conclusions of law filed within the proper time, the judgment of the trial court must be reversed. This question was discussed at some length in a learned opinion by Judge Hamilton in the case of G. H. & S. A. Ry. Co. v. Stewart (Tex. Com. App.) 257 S. W. 527, in which numerous cases on the subject are reviewed. See, also, Peers v. Williams (Tex. Civ. App.) 174 S. W. 864; Bloch v. Bloch (Tex. Civ. App.) 190 S. W. 528; Stewart et al. v. Railway Co. (Tex. Civ. App.) 207 S. W. 594. The reasons for requiring a reversal where the evidence is conflicting are fully discussed in the cases cited, and we see no good purpose to be served by further discussion of them here. The statement of facts before us discloses a conflict in the evidence and controverted issues of fact. That being true, it is not for us to determine whether there was sufficient evidence to sustain the court's judgment. There being a conflict in the testimony, under the cases above cited, we have no alternative but to reverse the judgment of the trial court.

[3] In the third assignment of error appellant complains of the action of the trial court in sustaining the objections of appellee to a consideration of appellant's first supplemental petition, appellee's objection thereto being that it was filed without leave of the court. Appellant contends that a supplemental pleading is not an amended pleading within the statutes and rules of courts requiring leave of the court for permission to file. Rule 11 of district and county courts reads as follows:

"Each party who files a supplement of any number (as first, second, third, and so on), shall give notice thereof by asking leave of the court, and filing the same amongst the papers of the cause with the appropriate endorsement thereon, indicating its number and name."

This rule clearly gives the trial court some discretionary control in such matters. Certainly a plaintiff should not be permitted just before announcing ready for trial to file such supplementary pleadings as would work a delay or postponement of the case, without some notice to the adverse party, or without the court's consent. We have examined the supplemental petition objected to, however, and can see no good reason why it was excluded. The trial court should consider it if offered upon another trial.

For the reasons given, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.