### ALBRECHT ·v. HOUSEWRIGHT.
#### (No. 12195.)

Court of Civil Appeals of Texas. Fort Worth.
Oct. 12, 1929.

Elton M. Hyder and Donald C. Bubar, both of Fort Worth, for appellant.

C. W. Goerte and E. S. Allen, both of Fort Worth, for appellee.

BUCK, J. ▮ This case originated in the justice court, and, from a judgment in favor of plaintiff in the sum of $25, the original amount involved being $111, the plaintiff gave notice of appeal to the county court at law No. 2, of Tarrant county, Tex. In the justice court, C. R. Albrecht was sued by A. C. Housewright for $111, alleged to be the amount of a doctor's bill in favor of Dr. Thos. M. Jeter and which plaintiff claimed was for medical attention to the defendant's family, and that plaintiff guaranteed the payment of said bill, and paid the same, and became subrogated to all the rights of said Dr. Jeter. Defendant in the justice court apparently pleaded that he was entitled in the way of a counterclaim to judgment against plaintiff in the amount of $86, and the justice court rendered judgment in favor of plaintiff in the sum of $25, being the difference between the two amounts. Plaintiff's appeal bond was approved and filed, but no bond appears in the record. However, since plaintiff in the justice court was the appellant in the county court, and the judgment in the justice court was rendered for a part of the amount claimed by plaintiff, and if plaintiff gave a cost bond in the justice court, he would not have to give an appeal bond from the justice court judgment. Thomas v. Hogan (Tex. Civ. App.) 57 S. W. 300; Am. Cotton-Bale Imp. Co. v. Forsgard (Tex. Civ. App.) 47 S. W. 475; Kemp v. Keith (Tex. Civ. App.) 48 S. W. 743; Clifford v. Kohr (Tex. Civ. App.) 61 S. W. 424. Therefore, we conclude that the appeal should not be dismissed for want of jurisdiction, or that we should notify appellee of the failure of the record to disclose an appeal bond from the justice court, and give him an opportunity by certiorari to supply the same. Lewellyn et al. v. Ellis, 102 Tex. 297, 116 S. W. 42.

#### Opinion.

In the county court plaintiff pleaded the amount of the doctor's bill, the payment of which he alleged he had guaranteed, and had to pay, and answered defendant's cross-action by way of a general demurrer. Defendant denied that portion of the doctor's bill claimed by plaintiff for services rendered the son of Mrs. Albrecht, in the sum of $51, in that said services were rendered for said son at the instance and request of plaintiff, and that same was intended as a gift to his grandson, and the services were performed at plaintiff's special request. He further pleaded, as a cross-action over against the plaintiff: That at the special instance and request of the plaintiff he advanced to Mrs. A. C. Housewright, the former wife of plaintiff, several items of cash. That he had delivered to Mrs. A. C. Housewright the sum of $16.05 on August 28, 1926. That on July 16, 1926, he advanced her $10 in cash; on or about July 15, 1926, $10 in cash; on or about August 6, 1927, $10 in cash; on or about December 18, 1926, $10 in cash. That on or about February 5 to 15, 1927, at the special instance and request of plaintiff defendant delivered to plaintiff 1,500 young grape vine cuttings, for which plaintiff then and there agreed to pay defendant the sum of 2 cents each, or $30. He further pleaded as a counterclaim $100 with which the plaintiff agreed to buy for defendant's wife $100 worth of oil stock, and deliver the certificate to the defendant's wife; that plaintiff had either failed to purchase said oil stock, or failed to deliver same to defendant's wife; and that he holds said $100 in trust for the benefit of defendant's wife, or whoever is entitled

**52**

to the said money; and that defendant's wife has duly transferred and assigned said claim to defendant.

Plaintiff filed a supplemental petition and answer to defendant's cross-action, in which he excepted to the counterclaim of $100 for the oil stock.

On September 22, 1928, the court rendered judgment for plaintiff and against defendant for $111, and in the judgment stated: "And the court is further of the opinion that the offsets plead by the defendant in his cross-action are not proper offsets against the amount sued for by the plaintiff."

Judgment was also rendered against Albrecht as to his cross-action. For this judgment the defendant has appealed.

On October 29, 1928, the defendant, appellant here, filed a request that the court file his findings of fact and conclusions of law. This was not done by the court, and we will discuss the assignment directed to the failure of the trial court to file his findings of fact and conclusions of law, since, if the assignment be sustained, the judgment will have to be reversed and the cause remanded.

In G. H. & S. A. Ry. Co. v. Stewart & Threadgill, 257 S. W. 526, 530, by the Commission of Appeals, opinion by Justice Hamilton, the court said: "In every case where there is any conflict in the evidence on an issue material to the decision of the case, the failure of the trial judge to file his findings of fact and conclusions of law is 'such a denial of the rights of the appellant * * * as probably prevented the appellant from making a proper presentation of the case to the appellate court.'" See Childress v. Wolf (Tex. Civ. App.) 273 S. W. 274, and cases there cited.

▪ Undoubtedly, in the instant case there was a conflict of evidence as to a material matter. The plaintiff below, A. C. Housewright, testified that he did not request that medical treatment be given to the boy, and did not tell his wife to go down to the doctor's office and ask for those services.

Mrs. Housewright testified: That she asked Mr. Housewright if he would not let Irving have his tonsils taken out and let it go on this doctor's bill, and he said, "Yes." That she did take him down there and thought the bill was $35 or $40, and Dr. Jeter said he would charge it on Mr. Housewright's account, as Dr. Jeter owed Mr. Housewright $900.

She further testified: "I don't know that Mr. Housewright ever agreed in writing to pay the doctor bill of this boy. The bill is already paid to Dr. Jeter, because Dr. Jeter owed him $900 and he didn't get it, and we might as well go ahead and use it. At the time the boy's tonsils were removed Mr. Housewright and I were living together, and the boy was living with us a good part of the

time. I asked Mr. Housewright to pay for the operation for our grandson, and he said it was all right. I took him down there at Mr. Housewright's request."

Mrs. Albrecht, the wife of defendant and the daughter of plaintiff, testified: "Yes, I have been down there in Dr. Jeter's office lots of times before the boy was taken down there. He has been my doctor for a long time. At the time I took the boy down there I had heard nothing about the boy's bill, except what mother told me. I never talked with Dr. Jeter about who was to pay for the bill. I have talked to Dr. Jeter about treating me and getting my father to stand for the bill, and father agreed to stand for my bill there, and all of the bills there for my family."

There was a conflict between the testimony of Housewright on the one hand and Albrecht and Mrs. Housewright on the other as to whether it was agreed between Housewright and Albrecht that the former was to pay the latter for some grape vine cuttings, for which Albrecht sued in the way of a cross-action for $30. Housewright claimed that Albrecht was to give the cuttings to him, and Albrecht contended that Housewright was to pay for them.

The judgment of the trial court is therefore reversed, and the cause is remanded.