CASUALTY RECIPROCAL EXCHANGE v. UNDERWOOD.

No. 12362.

Court of Civil Appeals of Texas. Fort Worth.
Oct. 18, 1930.

Bonner, Bonner & Childress, of Wichita Falls, for appellant.

Davenport & Crain, of Wichita Falls, for appellee.

CONNER, C. J.

This appeal is from a lump sum judgment in appellee's favor for $2,409.36, under the Workmen's Compensation Law. Appellee alleged that on the 10th day of August, 1928, and prior thereto, she was in the employ of the Wichita Laundry Company, and that, while engaged in the performance of her duty as such employee, on, to wit, August 10, 1928, and while lifting a large bundle of wet clothes, she received a sudden strain in her side, causing a rupture or hernia. It was further alleged that the Wichita Laundry Company was a subscriber under the Workmen's Compensation Law, to which the appellant association had issued its policy of insurance, and that her injury was permanent, incurable, and had resulted in a total disability, etc.

In several forms appellant questions the sufficiency of appellee's petition to show jurisdiction in the court below, and we think that appellant's assignments of error presenting the question must be sustained.

The petition was filed in the district court on October 9, 1928. It alleged that the plaintiff gave notice of said accident to the laundry company, which gave notice to the accident board, and "that the plaintiff reported the accident to and filed claims for compensation with the defendant and with the Industrial Accident Board, and the Industrial Accident Board heard this plaintiff's claim and on the 13th day of September made and entered an award, wherein the said Industrial Accident Board denied this plaintiff's claim for compensation, and the plaintiff gave notice in writing to the defendant and to the Industrial Accident Board that she was not willing and did not consent to abide by the final award, ruling and decision of said Board, and would file suit within twenty days from the date of said notice in some court of competent jurisdiction to have said final award, ruling and decision set aside, declared null, void and of no force and effect; and plaintiff now says that she is not willing and does not consent to abide by same, and brings this suit to have same set aside, declared null, void and of no force and effect."

In the case of Mingus, Receiver, v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1087, our Supreme Court, in an opinion by Chief Justice Cureton, held that the rights and remedies provided for by the Workmen's Compensation Law are purely statutory, and that:

"The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable. * * *

"The Workmen's Compensation Act having created the rights to be enforced and provided the remedy therefor, each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies."

The court further said: "The jurisdiction of the trial court to hear and determine appellant's suit depended on the following prerequisite proceedings which should have been properly alleged and supported by the requisite evidence: (a) That proper application for compensation on account of the injury alleged to have been received was made to the Industrial Accident Board; (b) that final award was made thereon by said board; (c) the giving of notice of the intention not to abide by the award within 20 days from the date of same, and the filing of proper suit within 20 days from the date of service of such notice—all being jurisdictional facts and essential to concur before jurisdiction would attach."

The several quotations from the opinion are followed by citations of authority fully supporting them, and what is there said must be accepted as controlling. Section 4a of article 8307, part 2, of the Workmen's Compensation Law (Rev. St. 1925), reads, in part, as

follows: "Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same."

The succeeding section of the article as amended by Act approved March 30, 1927 (see General Laws, 40 Legislature, Regular Session, page 328 [Vernon's Ann. Civ. St. art. 8307, § 5]), in so far as now pertinent, reads as follows: "All questions arising under this law, is not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board file with said board notice that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided. Whenever such suit is brought the rights and liability of the parties thereto shall be determined by the provisions of this law. * * * If any party to any such final ruling and decision of the board, after having given notice as above provided, fails within said twenty days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto."

Appellee's original petition was filed in the district court on October 9, 1928, 59 days, as alleged, after appellee received her injury. As may be seen from the above quotation we have made from her petition, she alleges that her injury occurred on August 10, 1928, and notice was given thereof to the appellant association, but she fails to allege the day upon which the notice was given. In section 4a, above quoted, it will be seen that she was required to give such notice within 30 days after the injury. This is not made to appear. According to the allegations the Accident Board denied her claim on September 13th, 33 days after the injury. It is not alleged when the claim was filed with the Accident Board, nor is a copy of the award attached to the petition from which we can learn on what day it was so filed, or the amount then claimed. It may be inferred that the required notice was given more than 3 days before the date of the board's award, and hence in time. But the failure noted was pointed out by special exception, and in

view of the decisions we think the exception well taken, and we must sustain the assignment of error to the action of the court in overruling it.

A like uncertainty of allegation showing that appellee gave notice to the board that she did "not consent to abide by the final ruling and decision" within 20 days is apparent. For aught that appears, the notice may have been given upon any one of the 26 days from the date of the decree on September 13, and the 9th day of October, when her suit was filed. Upon which day we cannot say from any averments of appellee's petition. It was essential in order to show jurisdiction of the district court that it should plainly appear that the required notice was given in the required time. See Mingus v. Wadley, supra; Tex. Employers' Ins. Ass'n v. Shoemake (Tex. Civ. App.) 21 S.W.(2d) 583; Ellis v. U. S. Fidelity & Guaranty Co. (Tex. Civ. App.) 6 S.W.(2d) 811; Southern Casualty Co. v. Fulkerson (Tex. Civ. App.) 30 S.W.(2d) 911, 912; Tex. Indemnity Co. v. Holloway (Tex. Civ. App.) 30 S.W.(2d) 921; Harris v. Texas Employers' Association (Tex. Civ. App.) 257 S. W. 998, 1001.

In the case last cited, it was said: "The giving of notice of the intention not to abide by the award within 20 days from the date of the award and the filing of suit in a court of competent jurisdiction within 20 days from the date of service of such notice are jurisdictional facts and essential that both exist by virtue of having complied with the requirements of the law providing for same before jurisdiction can attach. The performance of one step alone will not suffice to confer jurisdiction on a court to hear and determine proceedings instituted under the authority of the Workmen's Compensation Act to set aside an award made by the Industrial Accident Board by any party interested therein (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44). Both must concur, as that is the only manner in which an appeal may be perfected from an award made by said board so that jurisdiction of the court will attach as on appeal to inquire into the validity of the award made. Millers' Indemnity Underwriters v. Hayes (Tex. Com. App.) 240 S. W. 904."

Error is also assigned to the failure of the court to file findings of fact and conclusions of law. The judgment recites that the request was made, and the record shows that none were filed, and that appellant duly excepted to the court's failure to so file. Article 2208, Rev. Civ. Statutes of 1925, provides that: "Upon a trial by the court, the judge shall, at the request of either party, state in writing the conclusions of fact found by him separately from the conclusions of law. Such findings of fact and conclusions of law shall be filed with the clerk and shall be a part of the record."

And article 2247 provides that the judge of a district or county court shall have 10 days after the adjournment of the term at which the cause was tried in said court in which to prepare his findings of fact and conclusions of law in cases tried before him.

There was a decided conflict in the evidence as shown in the statement of facts on a material point, to wit, whether the hernia for which compensation is claimed existed in any degree prior to the alleged injury. In the case of Childress v. Wolf (Tex. Civ. App.) 273 S. W. 274, 275, the following is said: "A statement of facts accompanies the record, however, and appellee insists that, such being the case, before appellant is entitled to a reversal he must show injury, notwithstanding the trial court's failure to file his conclusions in time. There has been some confusion in the opinions of the courts as to just when an appellant will be entitled to a reversal in such cases where a properly certified statement of facts accompanies the record. It seems now pretty well settled, however, that where such statement of facts, or the record, shows affirmatively that no injury did result, or could have resulted, to appellant, by reason of such omission or dereliction of the trial court, he is not entitled to a reversal. Where the facts are undisputed or the issues of fact not controverted, this is undoubtedly true. See Emory v. Barfield (Tex. Civ. App.) 156 S. W. 311; Gerhart v. Moore (Tex. Civ. App.) 229 S. W. 876; Riley v. Austin, 112 Tex. 216, 245 S. W. .907. However, where in such cases the evidence is conflicting, or the issues of fact are disputed, it now seems well settled that, in the absence of findings of fact and conclusions of law filed within the proper time, the judgment of the trial court must be reversed. This question was discussed at some length in a learned opinion by Judge Hamilton in the case of G., H. & S. A. Ry. Co. v. Stewart (Tex. Com. App.) 257 S. W. 526, in which numerous cases on the subject are reviewed. See, also, Peers v. Williams (Tex. Civ. App.) 174 S. W. 864; Bloch v. Bloch (Tex. Civ. App.) 190 S. W. 528; Stewart et al. v. Railway Co. (Tex. Civ. App.) 207 S. W. 594. The reasons for requiring a reversal where the evidence is conflicting are fully discussed in the cases cited, and we see no good purpose to be served by further discussion of them here. The statement of facts before us discloses a conflict in the evidence and controverted issues of fact. That being true, it is not for us to determine whether there was sufficient evidence to sustain the court's judgment. There being a conflict in the testimony, under the cases above cited, we have no alternative but to reverse the judgment of the trial court."

This court, in the case of Albrecht v. Housewright, 21 S.W.(2d) 51, approved and followed the holding in Childress v. Wolf, supra, and reversed the judgment of the trial court. See, also, G., H. & S. A. Ry. Co. v. Stewart (Tex. Com. App.) 257 S. W. 526, 527.

In an explanation of the trial judge to appellant's bill of exception, it is stated, in substance, that his practice when requested to file findings of fact and conclusions of law was to direct their preparation by the successful counsel, which, if concurred in by counsel for the losing party, was adopted and filed; if not agreed to, he then made them out himself; but that in the present case he had no recollection of a request having been made. As it appears in the transcript before us, the judgment specifically recites a request for findings of fact and conclusions of law, and we cannot think that the failure of counsel of opposing party to prepare such findings and conclusions, or the failure of the judge to recall the request, sufficient to deprive appellant of the benefits conferred by the statute. We accordingly think that the assignment under consideration must also be sustained.

■■ Appellant urges that by reason of the fact that appellee's petition fails to show jurisdiction in the trial court, the judgment should be here rendered rather than reversed and the cause remanded. Such is the practice in cases where the trial court erroneously overruled a demurrer to the plaintiff's petition and the demurrer was sustained on appeal, and it appears from the record on appeal that no amendment could be made which would maintain the action. See Crawford v. Wingfield, 25 Tex. 414; Miller v. Drought (Tex. Civ. App.) 102 S. W. 145; Morrill v. Smith County, 89 Tex. 529, 36 S. W. 56. But where, as here, it appears that the defective petition may be so amended as to state a cause of action, it is proper to reverse and remand instead of reversing and rendering. See T. & P. Ry. Co. v. Hughes (Tex. Civ. App.) 94 S. W. 130; Security Union Casualty Co. v. M. & V. Tank Co. (Tex. Civ. App.) 295 S. W. 292; Int. B. & T. Co. v. McLane, 8 Tex. Civ. App. 665, 28 S. W. 454; Lockwood & Manning v. Brownson, 53 Tex. 523.

For the reasons stated, we conclude that the judgment below must be reversed and the cause remanded.