## GREEN v. JACKSON.
### No. 2560.

Court of Civil Appeals of Texas. El Paso.
Sept. 24, 1931.

H. E. Wassell, of Wink, for appellant.

Sayles & Sayles, of Eastland, T. H. Neel, of Pyote, and T. G. Jackson, of Longview, for appellee.

PELPHREY, C. J.

On the evening of November 26, 1929, appellant, in a Whippet sedan, driven by C. C. Hawkins, was going in the direction of Barstow on the highway between Pecos and Barstow, Tex. Appellee in a Chrysler was driving in a westerly direction. About four miles west of Barstow the two cars collided, damaging both of them considerably. At or near the point of the accident a car without lights, at night, was parked on the north side of the highway. The record shows that appellant, as plaintiff, filed suit against appellee, as defendant, in the county court of Ward county, some time prior to February 24, 1930. On that date appellant filed his first amended petition seeking to recover the sum of $450 damages to his automobile.

On May 6th, J. Lee Bilberry, as amicus curiæ, filed a motion to dismiss the suit because neither the original nor amended petition set out the residence of the defendant.

On the same date, the same attorney, as attorney for defendant, filed a motion to quash the citation, for the reason that it failed to show that it was an alias citation, and the certified copy of the petition attached to the citation failed to set out the residence of the defendant.

On the 8th day of August, 1930, appellee filed an application for a continuance. In the transcript there appears what is designated as "Order of Court," in which it is shown that the case was set on 8/4/30 for trial on August 12, 1930; was continued until the November term on application of appellee on that date; was set for trial on November 14, 1930, and default judgment taken on that date; that motion to set aside judgment and for a new trial was filed and granted on November 18, 1930.

Appellee, on November 22, 1930, filed his answer and cross-action, to the filing of which appellant excepted. On the same date appellant filed his second amended petition to which appellee filed his answer and cross-action. J. Lee Bilberry being the regular county judge of Ward county, the parties agreed that T. F. Slack should act as special judge to try the cause.

Judgment for appellee in the main suit and against him on his cross-action was rendered November 22, 1930, and on the same day appellant's motion for new trial was overruled. An appeal has been perfected to this court.

### Opinion.

The errors complained of are: (1) That the court erred in setting aside the default judg-

ment because appellee had not shown due diligence and did not set up a meritorious cause of action in his motion; (2) that the court erred in overruling certain exceptions interposed to appellee's motion; (3) that the court erred in overruling his exceptions to appellee's cross-action; (4) that the court erred in refusing to set aside the judgment of November 22, 1930, because it is contrary to the undisputed evidence; (5) that the court improperly admitted evidence of damages to appellee's car; and (6) that the court erred in failing to file findings of fact and conclusions of law upon appellant's request.

■ It appears from the bill of exceptions that appellant requested the court to file its findings of fact and conclusions of law, but that such request was not complied with, and the failure of the court in this respect is made the basis of appellant's seventh assignment of error.

Appellee submits that appellant, having filed in this court a full and complete statement of facts, agreed to and approved by him, and having shown no prejudice by the trial court's failure to file findings of fact and conclusions of law, the judgment should not be disturbed. We cannot so hold. The decision of the Commission of Appeals in the case of Railway Company v. Stewart & Threadgill, 257 S. W. 526, we think is controlling, and without setting out the evidence, there appears to be evidence clearly conflicting on the issues of negligence, and it therefore appears that appellant was injured by the court's failure in making a fair presentation of his appeal.

The judgment recommended by the Commission was adopted by the Supreme Court. See, also, Childress v. Wolf (Tex. Civ. App.) 273 S. W. 274; Albrecht v. Housewright (Tex. Civ. App.) 21 S.W.(2d) 51; Bida v. King (Tex. Civ. App.) 38 S.W.(2d) 118.

■■ A motion to vacate a judgment by default is addressed to the sound discretion of the court rendering the judgment, and its action thereon will be sustained unless it is clearly shown that the discretion has been abused. 3 Tex. Jur. pp. 1086, 1087, and authorities there cited.

■ We do not feel that such an abuse of the trial court's discretion has been shown here as would warrant a reversal of the judgment for that reason, and certainly we would not be justified in doing so in view of the fact that appellant was afforded an opportunity to have his case tried on the merits eight days after the default judgment was rendered.

The only exceptions to appellee's answer and cross-action read:

"Comes now the plaintiff herein and excepts to the filing of the Answer of the defendant herein at this time, the morning of the trial hereof, said cause having been heretofore tried on November 14th, 1930, when said cause was set down for trial and tried in the absence of the defendant, when no answer had been filed, because the filing of said answer comes now too late; and further because Plaintiff has long been ready for trial herein and the answer now contains a cross-action against this Plaintiff which was not heretofore known would be made.

"2. Because said answer contains no defense, and a general denial was inserted in said answer after same was filed over the exception of this plaintiff.

"3. Subject to the above exceptions, Plaintiff denies all and singular the material allegations in said purported cross-action except the time and place of said collision being in Ward County, Texas."

By his bill of exception No. 2, appellant attempts to show that a general demurrer to appellee's cross-action was overruled by the court, and that he excepted to the measure of damages alleged.

■ The record before us contains no such exception, and we are not at liberty to consider the questions presented by appellant's fourth assignment.

The record showing no exception to the pleading of appellee as to his damages, appellant's assignment as to the admission of testimony as to damages because not properly pleaded, cannot be considered.

We cannot agree with appellant's contention that the judgment was contrary to the undisputed evidence. It appears to us that there was a sharp conflict as to who was responsible for the collision and therefore a judgment of the court in favor of either party might be sustained.

In view of the fact that the judgment is to be reversed, we think it unnecessary to discuss the remaining questions. Because of the court's failure to file findings of fact and conclusions of law, upon being requested to do so, the judgment must be reversed and the cause remanded.