## WARING v. WARING.

### No. 1085.

Court of Civil Appeals of Texas. Waco.

Nov. 12, 1931.

Rehearing Denied Dec. 10, 1931.

James R. Jenkins and I. Mack Wood, both of Waco, for appellant.

Allan McDonnell, of Waco, for appellee.

GALLAGHER, C. J.

The district court of McLennan county, on the 7th day of January, 1931, granted appellee, Robert Duval Waring, a divorce from appellant, Hallie Hill Waring, and entered a formal decree dissolving the bonds of matrimony theretofore existing between them. The court awarded the custody of Robert Waring, Jr., then eleven years old, minor child of such marriage, to appellant, and directed appellee to pay to the clerk of the court the sum of $35 per month, beginning February 1, 1931, and continuing until said child attained his majority or died, for the support of said minor. The clerk was ordered to turn said money over to appellant to use for that purpose, and, in event of her death, thereafter to the legal guardian of said child. Appellant filed a motion for new trial, which was thereafter amended. The court heard and overruled said amended motion on the 26th day of February, 1931. Appellant thereupon gave notice of appeal, and requested the court to prepare and file his findings of fact and conclusions of law upon which he based said judgment. The court adjourned for the term on February 28, 1931. The time allowed by law for filing such findings and conclusions therefore expired on March 10, 1931. Appellant's request there-

for was not complied with within such time. The court did, however, on April 25, 1931, file in this cause his findings of fact and conclusions of law. Appellant on the same day filed her bill of exceptions complaining of the failure of the court to file the same within the time required by law.

### Opinion.

Appellant presents an assignment of error in which she complains of the failure of the court to file findings of fact and conclusions of law within the prescribed time. She further contends in this connection that such failure prevented her making a proper presentation to this court of the issues involved in her appeal. The bill on which said assignment is predicated begins with the recital that it is appellant's bill of exception No. 5. It then properly recites that the term of court at which the case was tried adjourned February 28, 1931; that theretofore, on February 26, 1931, she requested the court, in writing and in person, to prepare and file his findings of fact and conclusions of law on which he based the judgment rendered against her and that the court failed to file the same within ten days after the adjournment of said term of the court, as required by law. It concludes with the statement that appellant then and there tendered such bill of exceptions and asked that the same be allowed and ordered filed and made a part of the record. Appellee assails the sufficiency of said bill because it does not contain the specific statement that appellant "excepted" to such failure. The office of a bill of exceptions is to make that a part of the record which otherwise would not be. Holmes v. Coalson (Civ. App.) 178 S. W. 628, 634, par. 8, and authorities there cited; Id., 111 Tex. 502, 509, 240 S. W. 896; Gulf Coast Transp. Co. v. Standard Milling Co. (Tex. Com. App.) 252 S. W. 751, 753, 754; 3 Tex. Jur., p. 565, § 396. Article 2237 of our Revised Statutes expressly provides that no particular form or words shall be required in a bill of exceptions. The nature of the complaint presented by the bill must be taken into consideration in determining its sufficiency. When a specific ruling of the court made during the progress of a trial is the subject of complaint, it is ordinarily required that the exception be taken at the time. The reason for such requirement is that the court should know at the very time of the ruling that the same is challenged and that such challenge may be made the basis for seeking a reversal of the judgment rendered. A bill of exceptions to the admission of evidence is typical of this class of bills. Such a bill should show the question asked, the objection made thereto, the ruling of the court, the testimony admitted, and that an exception was reserved at the time.

■■ It is not, however, always necessary that an exception should be reserved at the time of the action or ruling complained of. Argument made by counsel in presenting his case to the jury may be so plainly prejudicial as to authorize the court to set aside the verdict on motion for new trial, though no exception was made thereto. In such case the argument actually made may be properly preserved and incorporated as a part of the record by a bill of exceptions. Willis & Bro. v. McNeill, 57 Tex. 465, 475; City of Mart v. Hasse (Tex. Civ. App.) 281 S. W. 318, 319, pars. 2 to 4, inclusive, and authorities there cited. A bill to the failure of the court to file findings and conclusions belongs to the same class. When the request is properly made and brought to the attention of the court, the party making the same has a right to presume that it will be complied with. The court has until midnight on the tenth day after adjournment to prepare and file his findings. Any exception prior to that time would be unwarranted. Obviously, after that time a formal exception could not avail to enable him to correct the error. The reason for requiring a bill to such failure is to supply any additional facts not properly shown by the record and to negative any possibility that the party requesting such filing had waived or withdrawn the request. Cotulla v. Goggan & Bros., 77 Tex. 32, 35, 13 'S. W. 742; Landa v. Heermann, 85 Tex. 1, 4, 19 S. W. 885. It seems, however, that such possibility need not be expressly negatived. No case so holding has been cited or found. We conclude, therefore, that the approval of such a bill implies such negation, otherwise it would have been refused or qualified to show such fact. Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 39 S.W.(2d) 1091, 1092, par. 6.

■■ The bill under consideration shows affirmatively that appellant's request was duly presented to the court in person, and that he failed to comply therewith within the time limited by law. It was proper for appellant to except to such failure at the time the bill was presented and allowed. She could have had no purpose in such action except to evidence and preserve such exception. We think the bill in itself discloses, in legal effect, a sufficient exception to the court's failure to file such findings. 3 Tex. Jur. p. 644, § 451; Commonwealth Bonding & Casualty Ins. Co. v. Bryant (Tex. Civ. App.) 185 S. W. 979, 980, par. 1, reversed on other grounds (Tex. Sup.) 240 S. W. 893; Coalson v. Holmes, 111 Tex. 502, 509, 240 S. W. 896.

■ Appellee further contends that, since the court did, on April 25, 1931, file elaborate findings of fact and conclusions of law, and since a full statement of facts appears in the record, appellant has suffered no injury. The authorities uniformly hold that we cannot consider the findings and conclusions actually filed by the court because they were not filed in time. Bray v. Peters (Tex. Civ. App.) 283 S. W. 591, 594, par. 1 (writ refused), and authorities there cited; Bliss v. San Antonio School Board (Tex. Civ. App.) 173 S. W. 1176, 1177, par. 1, and authorities there cited. The fact that a statement of facts appears in the record does not deprive appellant of her right to complain of the denial of her statutory right to have the findings of fact on which the judgment against her was based incorporated in the record, unless it appears affirmatively that she has suffered no injury by such denial. Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill (Tex. Com. App.) 257 S. W. 526; Bida v. King (Tex. Civ. App.) 38 S.W.(2d) 118; Albrecht v. Housewright (Tex. Civ. App.) 21 S.W.(2d) 51, 52; Casualty Reciprocal Exchange v. Underwood (Tex. Civ. App.) 33 S.W. (2d) 585, 587 et seq, par. 6. We have carefully considered the statement of facts on file in this case in the light of the rule announced in the cases above cited, and have concluded that it does not show that appellant has suffered no injury from the denial of such statutory right. We refrain from discussing the testimony introduced, in view of another trial.

Appellant presents assignments in which she vigorously assails the sufficiency of appellee's averments and the sufficiency of the testimony before the court to support the judgment rendered. On another trial appellee will have an opportunity to amend his pleadings and to submit further proof.

The judgment of the trial court is reversed, and the cause remanded.