## TREADAWAY et al. v. HODGES et al.

### No. 4989.

Court of Civil Appeals of Texas. Amarillo.

Feb. 13, 1939.

Joe J. McGowan, of Brownfield, and E. L. Klett, of Lubbock, for appellants.

Burton Hackney, of Brownfield, and Clark M. Mullican and Nelson & Brown, all of Lubbock, for appellees.

JACKSON, Chief Justice.

This is an appeal from a judgment of the District Court of Terry County refusing to set aside and vacate the sheriff's sale under execution of the southeast one-fourth of Section No. 45, Block D-14, in Terry County.

The record discloses that S. J. Treadaway and the co-movents herein obtained a personal judgment in the District Court of Terry County in Cause No. 2146 against John S. Hodges on February 13, 1937 for the sum of $2,641.36 and the foreclosure of the vendor's lien against the above described tract of land securing the payment thereof. An order of sale was duly issued as directed, the land properly advertised, and by the sheriff sold on July 6, 1937 for the sum of $500 to E. C. Davis, who was a stranger to the proceedings in which the personal judgment and the foreclosure of the lien were obtained.

Thereafter, on August 21st, the plaintiffs in Cause No. 2146 filed their motion against E. C. Davis and John S. Hodges to vacate such sale and cancel and annul the sheriff's deed purporting to convey to E. C. Davis

the land. They pleaded the judgment, foreclosure, execution sale, and alleged that before the sale they, through their attorney, Joe J. McGowan, who represented them in Cause No. 2146, instructed and requested the sheriff to advise said attorney the hour of the day the land would be sold by him; that the office of the attorney was not exceeding 300 feet from the court house and he was easily accessible during the legal hours of sale on July 6th; that the sheriff failed to advise Mr. McGowan of the hour of sale but proceeded to sell about three o'clock P. M. to E. C. Davis at the grossly inadequate price of $500 without the presence, knowledge or consent of plaintiffs or their attorney, notwithstanding the market value of the land was not less than $2,500; that had the sheriff advised the attorney of exactly or approximately the hour he intended to sell, the attorney would have been present and paid $2,000 or more for the real estate if necessary to protect his clients, but on account of the mistake, negligence, inadvertence or oversight of the sheriff he was not present and the land was bid in by E. C. Davis at a wholly inadequate price to the great damage of plaintiffs and the defendant, John S. Hodges.

The defendant, John S. Hodges, answered adopting the allegations of Treadaway and his co-movents in their motion. Mr. Charles McGregor filed a disclaimer.

Dr. E. C. Davis answered admitting the judgment in Cause No. 2146, the sale of the land on July 6, 1937; that he purchased at the execution sale, but asserts that he was without knowledge of any agreement or understanding between the sheriff and attorney representing the movents herein; that his was the highest and best bid offered; that he paid a valuable consideration, was and is a bona fide purchaser for value without knowledge or notice of any claim asserted by the movents.

The motion was submitted to the court on February 12, 1938 and judgment rendered that said motion be in all things denied and E. C. Davis go hence with his costs, from which judgment this appeal is prosecuted.

At the request of the movents, hereinafter called appellants, the court filed findings of fact to the effect that the plaintiffs in Cause No. 2146 obtained judgment against John S. Hodges and a foreclosure of the vendor's lien; that an order of sale was issued, placed in the hands of the sheriff, the land advertised properly and sold Tuesday July 6, 1937; that it was of the reasonable cash market value of $2,500, was purchased by E. C. Davis for the sum of $500, which was an inadequate price; that E. C. Davis was a stranger to the litigation in which the judgment was obtained; that neither of the appellants nor their attorney was present at the sale which was had about three o'clock at the north door of the court house, the usual and customary place for such sales; that Joe J. McGowan, the attorney, has his office located two hundred feet west of the court house and has a telephone; that he was in his office during the day and at the court house several times and the sheriff or one of the deputies could have easily and quickly notified him the hour at which the sale would be made, but failed to inform him thereof; that the sheriff, C. D. Gore, was at the hospital with his wife who was very ill substantially all day but went to the court house and held the sale about three o'clock; that there were several persons present at the sale and at least one other bid made but that of E. C. Davis was the highest and best bid made for the property; that John S. Hodges, the judgment defendant in Cause 2146, did not have property subject to execution sufficient to satisfy the remainder of the judgment and unless this sale is set aside the plaintiffs will probably fail to collect the balance of their debt; that if Joe J. McGowan had been present he would have bid $2,000 for the property in order to protect the interest of his clients; the appellants pleaded that before the legal hour of sale their attorney notified and instructed the sheriff to let him know the hour of sale and the attorney testified that he so notified S. C. White, a deputy of the sheriff, but this statement was denied by said deputy and the court does not consider it necessary to make a finding as to whether the attorney so notified and instructed said deputy because he concludes as a matter of law that the sale should not be set aside as the equities of the purchaser are superior to those of the plaintiffs; that a purchase by a stranger to the proceedings at an execution sale should be protected unless it be shown that the purchase was not made in good faith, and to avoid this sale, if the price was inadequate and vice existed in the sale, knowledge of the purchaser thereof must be traceable to him, which was not done in the case at bar.

Promptly on the filing by the court of his original findings and conclusions of law to

the effect that it was unnecessary for him to determine whether Joe J. McGowan, the attorney for appellants, had instructed the sheriff to advise him the exact hour on which the sale would be made, the appellants filed their motion requesting the court to make and file additional specific findings relative to whether such instructions were given and whether the land was sold at a grossly inadequate price. In said motion appellants notified the court that unless such findings were made and filed, as required by law, they would assign error on such failure, but notwithstanding this motion, the court declined to make and file such additional findings.

Dr. Davis testified that he was a physician, lived in Brownfield the date of the sale; that he purchased the land for $500; that he had been to the court house three or four times that day but had no conversation with the sheriff or any deputy about bidding, but was advised by some of them that they didn't know at what hour the land would be sold; that he didn't know the parties concerned; that it was a nice sunshiny day; that a man at the sale described the land to him while he was bidding and advised him it was worth $2,000 anyway; that he knew most of the land out in that neighborhood was worth $10 to $15 per acre, but knew nothing about the condition of the title except that it was an execution sale by the sheriff.

The appellants contend that in view of the findings of the court and the undisputed evidence regarding the instructions given to the deputy and his failure to comply therewith, the trial court erred in overruling their motion to set aside the sale even if the purchaser had no notice of such instructions and, in any event, the court erred in refusing to find and file on the issue whether the attorney had instructed the deputy to notify him of the exact hour of the execution sale.

Dr. Davis contends in his brief that the certificate of the clerk to the transcript contains this language: the "foregoing 34 pages contain a true and correct copy of all the proceedings had in this cause except original pleadings superseded by amendments and others left out of this record at the suggestion of plaintiffs, as the same appears of record and on file in my office," and asserts that a proper certificate would show that in his original answer to appellants' motion he did plead a general denial.

The certificate attached to the transcript before us is as follows:

"The State of Texas, County of Terry.

"I, Eldora A. White, Clerk of the District Court of Terry County, Texas, do hereby certify, that the above and foregoing 34 pages contain a true, and correct copy of all the proceedings had in this cause as the same appears of record on file in my office.

"To which facts, I here certify under my hand and seal of said court this April the 2, 1938.

> "Eldora A. White,
> "Clerk of the District Court of
> Terry County, Texas
> "By: W. W. Price, Deputy."

■ Obviously, we are bound by the transcript and the certificate filed in this court, which completely rebuts the contention of Dr. Davis relative thereto.

If the trial court was in error in holding that it was unnecessary for him to determine whether appellants' attorney had instructed the sheriff to advise him the hour the execution sale would be made, for the reason that as a matter of law the equities of the purchaser were superior to those of appellants and the purchaser should be protected unless he was shown not to have acted in good faith and participated in some misconduct or wrongful act, then the court erroneously refused to determine whether or not such instructions were given. The findings reveal this was a controverted issue of fact.

In Kauffman & Runge v. Morriss, 60 Tex. 119, the Supreme Court, speaking through Chief Justice Willie, says:

"Mere inadequacy of price is not in itself sufficient to warrant the interference of equity for the purpose of setting aside a sheriff's sale of property made to a bona fide purchaser. 1 Story's Eq. § 245; Rorer on Jud.Sales, § 854.

" 'But if in addition to such inadequacy there be any appearance of unfairness or any circumstance, accident or occurrence in relation to the sale of a character tending to cause such inadequacy, then the sale will be set aside.' Rorer on Jud.Sales, § 398.

&ast; &ast; &ast; &ast; &ast; &ast;

"And in such cases, if 'there are circumstances attending the sale which may have operated to prevent the property from bringing a higher price, although at the time

they may have been unknown to the purchaser, the sale will be regarded by the court as, in its legal sense, fraudulent.' Chamblee v. Tarbox, 27 Tex. [139] 146 [84 Am.Dec. 614]."

See, also, 18 Tex.Jur. 709, Sec. 142.

In Johnson v. Crawl, 55 Tex. 571, in a case where the property sold for one-half its value, the Supreme Court said: "Although both the sheriff and the purchaser were guiltless of any intentional wrong, if the sale was had under circumstances which made it unfair to the judgment creditor, and which were also unfavorable to a fair price, the purchaser at such sale became so far a participant in the wrongful or improper manner in which it was made, that he was in no condition to object to the extension of relief to one otherwise entitled to it."

In Owen v. City of Navasota, 44 Tex. 517, the Supreme Court said: "If the officer has either willfully or negligently proceeded to sell in violation of instructions, and as a result property is sacrificed, the parties are not without remedy. By motion in the court from which the execution issued, with notice to the purchaser, the sale may be, for good cause, set aside." (Citing authorities).

In Wagner v. Hudler, 218 S.W. 100, the Court of Civil Appeals ordered the sheriff's sale to be set aside on facts very similar to those involved in the present case. The 4th syllabus reads: "A judgment creditor was entitled to have an execution sale for an inadequate price set aside for defects and irregularities, where her attorney had told the sheriff that he would be present, but the sheriff, knowing that an effort to settle was being made, and without ascertaining why the attorney failed to appear, sold the property during a heavy rain within a few minutes after the hour fixed for the sale, and where the attorney promptly protested before the purchaser had paid the money or a deed had been made."

 This is an equitable proceeding and under the findings of the court the price paid by Dr. Davis was but one-fifth of its market value, was inadequate; that had the sheriff notified the attorney for appellants he would have been present and bid the sum of $2,000 to protect his clients, the conclusion is inescapable that the failure to advise the attorney of the hour the sale would be held, operated to prevent the property from bringing a higher price and, hence, whether or not such instructions were given was a material issue which the court should have determined and his failure so to do is reversible error. Articles 2208, 2247 and 2247a, Vernon's Annotated Civil Statutes.

In 41 Tex.Jur. page 1269, para. 395, it is said: "The trial judge must find on every material issue. Omission of a finding on an essential ultimate fact necessitates reversal for fundamental error, unless the record shows that appellant was not prejudiced thereby."

See, also, State ex rel. Sutherland v. Pease, Tex.Civ.App., 147 S.W. 649; Mayor v. Breeding et al., Tex.Civ.App., 24 S.W. 2d 542, writ refused.

 If evidence is conflicting, it is error, when timely request is made therefor, to refuse to file findings of fact and conclusions of law. Casualty Reciprocal Exchange v. Underwood, Tex.Civ.App., 33 S. W.2d 585; Green v. Jackson, Tex.Civ.App., 42 S.W.2d 91; Barnett v. Barnett et al., Tex.Civ.App., 98 S.W.2d 215.

We do not feel warranted under the record in reversing and rendering the judgment, hence, the judgment is reversed and the cause remanded.