## FEDERAL SURETY CO. et al. v. JETTON et al.

### No. 1509—5805.

Commission of Appeals of Texas, Section A.

Jan. 6, 1932.

Burgess, Burgess, Chrestman & Brundidge, L. E. Elliott, and Leachman & Gardere, all of Dallas, for plaintiffs in error.

White & Yarborough, of Dallas, for defendants in error.

SHARP, J.

This suit was filed July 11, 1928, by W. A. Jetton in the district court of Dallas county to set aside an award of the Industrial Accident Board made on June 14, 1928, in favor of the Federal Surety Company and against Jetton, on his claim for compensation for an injury alleged to have been received on the 15th day of October, 1928, at Dallas, Tex., while in the employment of the Coca Cola Bottling Company or Coca Cola Bottling Works, Inc.

The Federal Surety Company answered, pleading specifically that it had no policy in favor of the Coca Cola Bottling Works covering at its Dallas location, at which Jetton was alleged to have been injured, and further alleged that its policy covered at Terrell, Tex., only; that it received no premiums based on the pay roll of the employees of said employer at Dallas, but that the employer did have a policy with the Commercial Standard Insurance Company at Dallas, to which it paid the premiums based on the pay roll of its Dallas employees, and therefore the Federal Surety Company was not liable to Jetton for any amount.

Jetton presented his claim against the Federal Surety Company to the Industrial Accident Board, and his claim was denied. He then filed suit in the district court of Dallas county to set aside the award of that tribunal. The Federal Surety Company impleaded the Commercial Standard Insurance Company, and asked, in the event any sum or judgment should be rendered in favor of Jetton against it, that it have judgment over against the Commercial Standard Insurance Company for a like amount.

At the conclusion of the testimony, the trial court held that it did not have jurisdiction over the Commercial Standard Insurance Company, and dismissed the suit as to that company. Based upon the findings of the jury to special issues submitted to them, judgment was rendered in favor of Jetton against the Federal Surety Company for three hundred weeks, payable weekly. From this judgment the Federal Surety Company appealed to the Court of Civil Appeals at Dallas, and the judgment of the trial court was affirmed in part and reversed and remanded in part. We refer to that opinion for a more detailed statement of the pleadings and facts involved therein. 29 S.W.(2d) 534. Both Jetton and the Federal Surety Company applied for writs of error which were granted to review the opinion of the Court of Civil Appeals.

The first question for decision is: Did the Court of Civil Appeals err in holding that the trial court correctly held that it had no jurisdiction of the Commercial Standard Insurance Company and dismissed the suit of Jetton as against that company?

Briefly stated, the testimony is undisputed that a policy of compensation was issued by the Commercial Standard Insurance Company covering Coca Cola Bottling Company at the location at 1101 Second avenue, Dallas, Tex., for the period from October 27, 1926, to October 27, 1927, the estimated annual pay roll as recited in the policy being $95,000. Jetton was working for the Coca Cola Bottling Company at Dallas, Tex., at the above location at the time of his alleged injury.

The testimony is also undisputed that Jetton did not present his claim for compensation against the Commercial Standard Insurance Company to the Industrial Accident Board at the time he presented his claim against the Federal Surety Company or at any other time. After Jetton had filed the suit in the district court at Dallas to set aside the award made by the board at his instance, the Industrial Accident Board on December 13, 1928, amended its original order so as to include the name of the Commercial Standard Insurance Company. The Industrial Accident Board in its award denied Jetton compensation, finding that he had not sustained an injury in the course of his employment, but that the testimony showed that his condition was the result of natural causes in no way connected or incident to his employment.

It is further shown that no notice of appeal was served on the Industrial Accident Board within twenty days after December 13, 1928, by Jetton, and no suit filed to set aside the order entered as a nunc pro tunc award on December 13, 1928. In due time the Commercial Standard Insurance Company filed its plea to the jurisdiction of the court to Jetton's amended petition on the ground that it for the first time was brought into the suit on December 7, 1928; whereas the award complained of was made on June 14, 1928, and that Jetton had given his notice of unwillingness to abide by the award made, and his intention to appeal therefrom was alleged to have been made on June 26, 1928, and therefore suit was not filed against it within the time required by statute.

Under the foregoing facts, the Industrial Accident Board had no jurisdiction of any claim in favor of Jetton against the Com-

mercial Standard Insurance Company, and therefore had no power or authority to enter an award affecting the interests of that company; neither did it have any power or authority to enter a nunc pro tunc order without notice to that company which would deprive it of the opportunity to appear before that tribunal and present its objections to the making of same.

■■■ The rights and remedies given by the Workmen's Compensation Act are purely statutory; the statutory provisions as to both are mandatory and exclusive, and must be complied with in all respects; and such compliance is necessary to the exercise of jurisdiction by the first and all succeeding agencies, including the county where the injury occurred, where suit to set aside the award must be brought. Each step toward maturity of compensation claim from time of injury to the final adjudication is a mandatory requirement necessary to the exercise of jurisdiction by each agency provided for by this statute. Application for compensation, final award, timely notice of intention not to abide by the award, and timely suit must concur before jurisdiction of suit to vacate the award attaches. Suit in the proper court to set aside an award of the Industrial Accident Board suspends such award, and its subject-matter is thereby withdrawn from the board and from all courts except the one in which the suit is brought. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084.

In our judgment, the Court of Civil Appeals correctly held that there was no error in dismissing the suit as to the Commercial Standard Insurance Company.

■■ The Federal Surety Company contends that the trial court and the Court of Civil Appeals erred in holding that it was not entitled to an instructed verdict upon the evidence introduced.

The testimony further shows that the Federal Surety Company issued a policy of compensation in favor of the Coca Cola Bottling Works, Inc., at Terrell, Tex., and, through an error in making daily reports, it was shown that the employer was located at Dallas instead of Terrell, the correct location. When the error was detected, it was corrected; that it was not intended to issue any policy covering Coca Cola Bottling Company or Coca Cola Bottling Works, Inc., by the Federal Surety Company for Dallas.

John M. Jones testified that he was employed by the Coca Cola Bottling Works from March, 1922, to March, 1929, having charge of the office and of reporting to the insurance company of injuries received by employees. He testified: "We did not have any policy on this bottling plant at that location (Dallas) in 1927, with Federal Surety Company. We did not pay any premium on policies issued by Federal Surety Company on this plant here in Dallas at that time."

This brings us to the main question involved in this appeal: Did the trial court err in refusing to instruct a verdict in favor of the Federal Surety Company? The facts seem to be undisputed. The Federal Surety Company issued its policy of compensation in favor of the Coca Cola Bottling Works, Inc., covering the plant at Terrell, Tex., for the period of February 15, 1926, to February 15, 1927, being its policy No. TX–5150. At the expiration period of this policy, it issued a renewal thereof in all respects identical with the policy above described, except as to the period covered, which was from February 15, 1927, to February 15, 1928. In both policies the address of the employer as stated in the opening clause is Dallas, Tex., and under item 3 the location covered was specifically designated as Terrell, Tex.

Upon the issuance of the renewal policy, there was a report made by the insurer to the Industrial Accident Board at Austin, in which the number of the policy issued in renewal was given as TX–5462. This was an error in the report as to the number of the policy, there being a conflict as to the number between the policy issued to the Coca Cola Bottling Works, Inc., at Terrell, Tex., and the policy issued to Tom Miller at Austin, Tex. Tom Miller's policy was finally indorsed as TX–5462, and the policy issued in favor of the Coca Cola Bottling Company was carried by the company and by the commissioner of insurance under TX–5463. The uncontradicted testimony of both the branch manager of the Federal Surety Company and the representative of the employer is that there was no policy issued by the Federal Surety Company covering the employer at its Dallas location. At that time the employer had a policy covering its Dallas location with the Commercial Standard Insurance Company, which company received the premiums on the policy based on the pay roll of the Dallas employees. The Federal Surety Company received no premiums on any pay roll of the Dallas employees.

The operations conducted at the two locations were different in their classifications before the commissioner of insurance, and the Federal Surety Company was ordered by the commissioner to change its classification from 2162 to 2164, because "our records show your company is covering the risk at Terrell, Texas; Code 2162 is not applicable to this location according to recent inspection reports. Code 2164 is applicable." Also by letter of December 8, 1927, "the Commissioner of Insurance advised that the adjusted rate of 2162 was promulgated for the Dallas location only." The testimony further showed that policy TX–5150 was the only policy issued to

the employer for the preceding year and the only one being renewed. The policy of the Commercial Standard Insurance Company issued to cover the Dallas location carries a different classification, a different rate, and the estimated pay roll as given in the policy is more than $95,000. The estimated pay roll on the renewal policy issued by the Federal Surety Company is $7,688.70.

There is no contention that it was the intention of the employer to carry double insurance, and it is furthermore shown without dispute that there is no privity of contract whatever between the Federal Surety Company and the Commercial Standard Insurance Company with reference to this risk. There is nothing in this record to show any intention whatever on the part of the Federal Surety Company to issue a policy to cover the employer at Dallas, Tex., or that it received any premiums based upon the pay roll of the employees of that company at Dallas, Tex.

The rule is well settled that, if there is such evidence as would cause reasonable men to draw different conclusions, the case should be submitted to the jury. It becomes a question of law when the facts and circumstances are such that but one reasonable conclusion can be drawn therefrom.

To hold that the Federal Surety Company has issued a bond in favor of the employer at Dallas, as contended for, and hold that company liable thereon, would be to create a bond where none existed, and would thereby create an obligation in the face of the undisputed testimony of both the employer and the company that no bond was issued or intended to be issued by that company to cover the plant of the employer at Dallas, and such holding would be both unsound and unjust. In our judgment, the testimony does not even raise an issue of fact upon that question, and the trial court should have held, as a matter of law, that the Federal Surety Company was not liable for the claim of Jetton.

We therefore recommend as follows: (a) That that part of the judgment of the trial court wherein Jetton recovered a judgment against the Federal Surety Company be reversed; (b) that the opinion of the Court of Civil Appeals reversing and remanding that part of the judgment wherein Jetton recovered against the Federal Surety Company be reversed; (c) that judgment be entered that W. A. Jetton take nothing as against the Federal Surety Company; and (d) that the judgments of the trial court and the Court of Civil Appeals in all other respects be affirmed.

CURETON, C. J.

Reversed and rendered in part, and affirmed in part, as recommended by the Commission of Appeals.