**TEXAS EMPLOYERS' INS. ASS'N et al. v. ROBERTS et al.**

No. 9891.

*Court of Civil Appeals of Texas. Galveston.*

Nov. 29, 1933.

Collins & Houston and Touchstone, Wight, Gormley & Price, all of Dallas, for appellant the Metropolitan Casualty Ins. Co.

Larry W. Morris, of Houston, for appellant Texas Employers' Ins. Ass'n.

J. M. Johnson, of Houston, for appellees.

PLEASANTS, Chief Justice.

This appeal is from a judgment of the court below in favor of the appellees, Mrs. Roberts and her minor children, against the appellants, Texas Employers' Insurance Association and the Metropolitan Casualty Insurance Company of New York, jointly and severally, for the amount due appellees under the Workmen's Compensation Law of this state, for the loss sustained by them in the death of William F. Roberts, the husband of Mrs. Roberts and the father of her appellee children.

The compensation awarded by the judgment is for the sum of $11.54 per week, payable weekly, for a period of 360 weeks, be-

ginning on June 27, 1931, with 6 per cent. interest on all weekly installments after maturity thereof until paid. The judgment further decrees that, as between the appellant insurers, each is liable for one-half of the compensation adjudged to appellees.

The record discloses that appellees' claim for compensation was first made against the appellant Texas Association, the insurer of the partnership firm of Lee & Wilson. Upon a hearing before the Industrial Accident Board on November 13, 1931, the Texas Association pleaded and urged that the Metropolitan Company, the insurer of the Wilson Oil Company, a corporation, was liable for any compensation to which the claimants might be entitled. The Accident Board refused to sustain this contention, and found in favor of appellees for compensation against the Texas Association only.

The Texas Association in due time appealed from this decision of the board, making the Metropolitan Company a party defendant to the suit.

The Metropolitan Company filed a general demurrer to this petition on the ground that, the appellee beneficiaries having made no claim before the Accident Board of the Metropolitan Company, the court was without jurisdiction to adjudicate the question of that company's liability to appellees. This demurrer was presented in the original answer filed by the Metropolitan Company on January 16, 1932. Thereafter, on February 23, 1932, appellees filed their first amended answer and cross-bill, in which they alleged all the necessary facts to entitle them to the compensation claimed by them, and further alleged that notice of the accident which caused the death of the deceased father and husband, and of appellees' claim for compensation, had been given the Accident Board and both of the insurers before named; the notice of claim against the Metropolitan Company, they alleged, was given prior to the 21st day of January, 1932, and that on said date the Accident Board heard said claim after due notice to all interested parties, and made its award holding the claimants had no cause of action against the Metropolitan Company, and that cross-plaintiffs gave notice of appeal from this decision of the Accident Board and filed this amended cross-action in prosecution of their appeal. They pray for judgment for the full amount of their claim against the Texas Association and the Metropolitan Company, jointly and severally.

The general demurrer of each of the insurance companies to the cross-action of appellees was overruled, and, upon a trial on the facts, without a jury, judgment was rendered as before stated against both of said insurers.

Before the submission of the case in this court, the appellees and the Texas Association settled their differences by agreement and the appeal of the Texas Association was dismissed at its cost in accordance with the agreement.

This renders it unnecessary for us to determine all of the propositions presented in the brief of the remaining appellant.

We think appellant Metropolitan Company's seventh proposition, which complains of the judgment against it on the ground that the undisputed evidence shows that appellees have no cause of action against it for the loss sustained by them caused by the accidental death of William F. Roberts, should be sustained.

The undisputed evidence shows that the Wilson Oil Company, a corporation, owned a producing oil lease, and Lee & Wilson owned a producing lease a mile and a half or two miles away. T. P. Lee owned two-thirds of the Lee & Wilson lease, and the Wilson Oil Company owned one-third. On April 1, 1931, the Wilson Oil Company was incorporated, and this one-third interest in Lee & Wilson lease passed from E. M. Wilson into the assets of the corporation, but it was still known as Lee & Wilson, and so operated. The Wilson Oil Company operated the Wilson Oil Company lease for its own account, and operated the Lee & Wilson for the joint account of T. P. Lee and the Wilson Oil Company. Lee owned no interest in the Wilson Oil Company, but the Wilson Oil Company owned an undivided one-third in the Lee & Wilson. The Wilson Oil Company carried a policy of compensation insurance at the date of the death of William F. Roberts issued by the Metropolitan Casualty Insurance Company of New York. It was issued to Wilson Oil Company, a corporation. At the same time Lee & Wilson had a compensation insurance policy in the Texas Employers' Insurance Association issued to Lee & Wilson, described as a partnership composed of T. P. Lee and E. M. Wilson. The Wilson Oil Company's business was handled exclusively by it, and all records and accounts were kept by S. A. Goyen in its office. The accounts of Lee & Wilson were handled in the office of T. P. Lee, and the running expenses were paid by T. P. Lee, who billed the Wilson Oil Company for one-third of the expense and received reimbursement to that extent. Lee paid all premiums on the policy of insurance issued by the Texas Employers' Insurance Association, beginning on July 14, 1930, and continuing on to date of trial. Lee then billed Wilson Oil Company for one-third of such premiums and Wilson Oil Company reimbursed him for one-third of the premiums. The premiums were paid for labor done on the Lee & Wilson pay roll reports made by Lee & Wilson. No pay roll reports of the Lee & Wilson enterprise were ever made to the Metropolitan Casualty In-

surance Company of New York, and it received no premiums on said pay roll. T. P. Lee had nothing to do with the Wilson Oil Company's pay roll or compensation. The Texas Employers' Insurance Association received and kept all the premiums accruing on the Lee & Wilson pay roll and never returned same or any part thereof, and never offered to return any part of the premiums.

We think this evidence conclusively shows that the Texas Association, by its policy issued to the firm of Lee & Wilson, by which firm Roberts was employed and for which he was working at the time of the accident which resulted in his death, should be held liable for all of the compensation due appellees. This was clearly the understanding and the interpretation placed upon the contracts of insurance by all of the parties thereto. The Texas Association received from the Lee & Wilson firm the premiums due it for carrying this insurance on Roberts during the time he was working for that firm, and no part of such premiums was paid to the Metropolitan Company. The fact that the Wilson Corporation became the owner of a one-third interest in the lease operated by the Lee & Wilson firm placed no obligation legal or moral upon that corporation to carry insurance for the protection of its employees while they were working for the Lee & Wilson firm. The two concerns were distinct entities. Lee had no interest in the Wilson Company and that company had only a partnership interest in the operation and business management of the Lee & Wilson firm. Roberts and his beneficiaries were fully protected to the extent of the compensation allowed by the statute under the insurance policy issued by the Texas Association. There was no occasion for any additional insurance, and it cannot be reasonably inferred that the Wilson Company intended to have the policy taken out by it for the protection of its employees while working on its lease extended to cover Roberts while he was working for the firm of Lee & Wilson, who carried sufficient insurance for his protection, and it is certain that the Metropolitan Company did not intend by the issuance of its policy to become liable for compensation for employees for whose protection it received no compensation, and who were not injured in the service of the company for which its policy of insurance was issued. Federal Surety Company v. Jetton (Tex. Com. App.) 44 S.W.(2d) 923.

This conclusion requires that the judgment of the trial court be reversed, and judgment here rendered in favor of the appellant; that appellees take nothing by their suit against it.

Reversed and rendered.