## PACIFIC INDEMNITY CO. v. WOODALL.
### No. 15378.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 24, 1952.

Rehearing Denied Nov. 28, 1952.

L. W. Anderson, of Dallas, for appellant.

Mike E. Powell, of Fort Worth, for appellee.

CULVER, Justice.

This is an appeal from a district court judgment enforcing an award of the Industrial Accident Board in favor of appellee Woodall.

Appellee, after filing notice of injury and claim for compensation with the Board, entered into a compromise settlement agreement. On October 15, 1951, the Board entered an order approving this settlement, and thereafter on October 18, 1951, the Board notified all parties of this order.

On October 15, the Board received a letter from appellee dated October 12, requesting that the Board do not approve the settlement agreement.

Thereafter, the Board treated the order of approval as a nullity and having duly notified all parties of a hearing to be held, an award was entered in appellee's favor, which is the order sought to be enforced here.

Appellant urges three points of error: (1) The trial court erred in rendering judgment upon the award because it had no jurisdiction to do so as there was a valid and binding compromise settlement agreement between the parties; (2) the court erred in holding that Rule 14 of the Industrial Accident Board was valid and reason-

able in all respects; and (3) the trial court erred in holding that the Industrial Accident Board had jurisdiction to enter an award even though prior to the entry of the award no order had been made setting aside its previous order approving the compromise settlement.

Rule 14, adopted by the Industrial Accident Board, reads as follows: "The Board's approval of a Compromise Settlement Agreement, properly executed, shall be final, unless a request not to approve same has been received by the Board before the close of business of the day on which same has been approved; provided, however, if the Board's letter of approval of such Compromise Settlement Agreement has been mailed before such request not to approve has been received, the Board's approval in such case shall be final."

■ The Board has no authority to set aside a compromise settlement after it has approved the same, and the proper tribunal for such a proceeding is the district court. Commercial Casualty Insurance Co. v. Hilton, 126 Tex. 497, 87 S.W.2d 1081; Traders & General Insurance Company v. Bailey, 127 Tex. 322, 94 S.W.2d 134; Pacific Employers Insurance Co. v. Brannon, Tex.Sup., 242 S.W.2d 185.

The principal question in this case, therefore, is whether or not there was a valid approval by the Industrial Accident Board of the compromise settlement agreement.

Article 8307, section 4, Vernon's Ann. Civ.St., provides: "The Board may make rules not inconsistent with this Law for carrying out and enforcing its provisions, * * *" and in section 12 of the same Article, "Where the liability of the association or the extent of the injury of the employe is uncertain, indefinite or incapable of being satisfactorily established, the board may approve any compromise, adjustment, settlement or commutation thereof made between the parties."

■ A compromise settlement agreement, until approved by the Industrial Accident Board, is not binding, so that the employee can elect to withdraw therefrom prior to the Board's approval. Petroleum Casualty Co. v. Lewis, Tex.Civ.App., 63 S.W.2d 1066; Smith v. Petroleum Casualty Co., Tex.Civ.App., 72 S.W.2d 640.

It is undisputed that appellee attempted to withdraw his agreement to the compromise settlement by writing to the Board on October 12, which letter was received in the office of the Accident Board sometime during the same day on which the Board attempted to approve this settlement. As the employee has the right to withdraw from the settlement agreement at any time until it is approved by the Board, and in view of Rule 14, which was in full force and effect at the time, the Board presumably would not have approved the settlement if it had known of the receipt of the letter from appellee; nor would it have notified the parties later on the 18th of its approval. The approval was under a mistake of fact.

■ The courts have many times held that the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., is to to construed liberally to the end that the benefits desired would be conferred upon the injured employee and that his rights would not be denied by any strained or narrowed construction of the provisions of the law. The appellee had done all within his power, and timely so, to notify the Board of his withdrawal from the compromise and his desire that the Board proceed to have a hearing and make an award. American Mut. Liability Ins. Co. v. Parker, 144 Tex. 453, 191 S.W.2d 844; Miears v. Industrial Accident Board, Tex.Sup., 232 S.W.2d 671. The rule that the Act must be liberally construed in the employee's favor should have particular application to the technical and procedural provisions of the Act. Texas Employers' Ins. Ass'n v. Beckman, Tex.Civ.App., 207 S.W.2d 183. We are therefore of the opinion that the Board had never made any valid approval of the compromise settlement, and consequently was authorized by law to proceed to have the hearing and make the award.

Appellee asserts that the trial court erred in failing to allow him reasonable attorney's fees and the twelve percent penalty, as provided for in Article 8307, section 5a, Vernon's Anno.Civ.St.

■ The trial court concluded that the appellant had "justifiable cause" in failing

to pay the award of the Board and therefore appellee was not entitled to recover the penalties and attorney's fees. We think such conclusion or finding is supported by the evidence. The Board had actually entered an approval of the settlement agreement and so notified all parties. Relying on such approval, appellant had mailed its check for $500 in settlement to appellee's attorney and this check was never returned nor tendered back to appellant until the conclusion of this trial. In addition, considerable uncertainty existed, inasmuch as Rule 14 of the Industrial Accident Board had never been construed in appellate court and the effect of the Board's purported approval of the settlement agreement was disputed in good faith.

Finding no error, all points raised by both appellee and appellant are overruled and the trial court's judgment is affirmed.