Charles P. PAPPAS, Appellant,

v.

ROYAL INDEMNITY COMPANY, Appellee.

No. 16574.

United States Court of Appeals Fifth Circuit.

Jan. 21, 1958.

**440**

John B. Wilson, Jr., Thomas J. Cook, Dallas, Tex., for appellant.

David M. Kendall, Jr., Pinkney Grissom, Dallas, Tex. (Thompson, Knight, Wright & Simmons, Dallas, Tex., of counsel), for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

Appellant filed this suit under the Texas Workmen's Compensation Law [1] to set aside an adverse ruling of the Industrial Accident Board. The law provides that notice of appeal must be filed with the Board within twenty days after the Board's final ruling and decision.[2] The Board's records show that notice of appeal was not filed until July 16, 1956, some two months after the date the Board rendered its award May 21, 1956. On June 1, 1956, eleven days after the Board's decision, appellant filed suit in the District Court for the Northern District of Texas to set aside the award. The appellee was served three days later, still within the twenty-day period.

■■ The question is whether appellant's failure to file a notice of appeal with the Texas Industrial Accident Board within twenty days as required by the Texas Workmen's Compensation Law is fatal to his appeal. We think it is. "[T]he jurisdiction of a court to hear a suit to set aside a final ruling and decision of the Industrial Accident Board is absolutely dependent upon plaintiff's pleading and proving precise and exact compliance with the essential statutory steps. * * * One of the essential steps is the giving of notice, by filing with the board within 20 days, that its ruling will not be abided by." Great American Indemnity Co. v. Dominguez, 5 Cir., 1936, 84 F.2d 179, 180. Some of the numerous Texas cases supporting this view are Mingus v. Wadley, 1936, 115 Tex. 551, 285 S.W. 1084; Lumbermen's Reciprocal Association v. Henderson, Tex.Com.App.1929, 15 S.W.2d 565; Texas Employers' Insurance Association v. Shoemake, Tex.Civ.App.1929, 21 S.W.2d 583; and Taylor v. Royal Indemnity Company, Tex.Civ.App.1955, 276 S.W.2d 412. In the recent case of Digby v. United States Fidelity & Guaranty Co., 5 Cir., 1957, 239 F.2d 569, this Court held that the statutory requirement of filing suit within twenty days of the Board decision was jurisdictional. The principles set forth in Digby are applicable in this case.

■ Appellant would have had a better argument if the law had not been changed in 1927. Prior to 1927, Section 5 of Article 8307 required, in addition to notice of appeal to the Board, personal service of the notice on all adverse parties. It might have been argued then that omission of notice was cured by filing suit within twenty days; that the object of the requirement was to place the adverse parties on notice. But the 1927 Amendment, excising notice to adverse parties, makes it clear that the sacramental notice is the notice to the Board. This is not just a technicality.

1. Article 8306 et seq., Revised Civil Statutes of the State of Texas. Vernon's Ann.Civ.St. art. 8306 et seq.

2. Article 8307, Revised Statutes of the State of Texas, Vernon's Ann.Civ.St. art. 8307 provides, in part: "Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision."

Under Article 8306, Section 12d, the Board retains jurisdiction of a claim and may issue new orders and alter its award until the notice of appeal is filed. There can be no appeal from an award that is not final. The effect of filing notice of appeal therefore is to make the award final and from that moment cut off the Board's power to issue further orders affecting the award.

The judgment is

Affirmed.