**LIBERTY MUTUAL INSURANCE COM-
PANY, Appellant,**

v.

**Harold E. SMITH, Appellee.**

**No. 16757.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 2, 1966.

Rehearing Denied Dec. 30, 1966.

Brown, Day & Crowley and M. Hendricks Brown, Fort Worth, for appellant.

John W. Herrick, Fort Worth, for appellee.

## OPINION
## ON MOTION FOR REHEARING

LANGDON, Justice.

This is a workmen's compensation case. Claimant recovered judgment in the trial court based upon a jury finding of total and permanent disability to which appellant makes no complaint. Its appeal is based solely upon the claimant's alleged failure to file proper notice of nonabidance in compliance with Article 8307, § 5, Vernon's Ann.Tex.Civ.St.

On March 13, 1964, the Board rendered its final award.

On March 19, 1964, the claimant filed suit in the district court of Tarrant County to set aside said final award.

On March 23, 1964, the Board received the following communication,

"Fort Worth, Texas
"Industrial Accident Board
"Austin, Texas
"Gentlemen:
"This will advise that a suit was filed in this Court to set aside the award of the Industrial Accident Board of Austin, Texas, and styled:
"Harold E. Smith
"Vs. No. 33993–C
"Liberty Mutual Insurance Company
"The number of the Board is ——
"The Date of the alleged injury was 5–10–63
"The Name of the Employer was Bell Helicopter Co.
"Yours very truly,
"George Johnson
"District Clerk
Tarrant County, Texas
"By Sally B. Moran, Deputy."

On March 24, 1964, the appellant (defendant) was served a copy of the claimant's petition and citation in the case filed in the district court.

It is undisputed that the above letter from the deputy district clerk was the only communication received by the Board concerning notice of the claimant's nonabidance with and appeal from its final award.

In the district court case the defendant filed a plea in abatement based upon denial under oath that notice of nonabidance required by Art. 8307, § 5, V.A.T.S., was filed within 20 days after the Board's final award. Prior to trial it moved for dismissal and after trial for instructed verdict and judgment notwithstanding the verdict based upon the same grounds. All motions were overruled.

By five points of error the appellant contends the trial court had no jurisdiction to try the case as an appeal from the award of the Industrial Accident Board nor jurisdiction to enter judgment therein and erred in overruling its various pleas and motions all because of claimant's alleged failure to give proper notice of nonabidance in strict compliance with the statute and finally that claimant failed to meet his burden of proof in showing that he as an interested party, had filed the required notice.

The claimant contends that the letter from the deputy district clerk to the Board was substantial if not strict compliance with the statute and relies upon the well established rule that the workmen's compensation laws should be liberally construed in favor of the claimant.

We affirm.

The applicable portion of Art. 8307, § 5, V.A.T.S., is as follows: "All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board. Any *interested party* who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, *file with said Board* notice that he will not abide by said final ruling and decision. And *he* shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision, and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. * * * *If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; * * *.*" (Emphasis supplied.)

Art. 427c–1, of the Penal Code regarding the "Clerk's failure to notify Industrial Accident Board of Appeals or give notice of judgment" reads as follows: "In every case appealed from the Board to any district or county Court, the Clerk of such Court shall, within twenty (20) days after the filing thereof, mail to the Board a notice giving the style, number, and date of filing such suit, and shall, within twenty (20) days after judgment is rendered in such suit, mail to the Board a certified copy of such judgment. The duties devolving upon district and county clerks under this law shall constitute a part of their ex officio duties and for such services they shall not be entitled to any fee. * * *

"Any Clerk of a district or county Court who fails to comply with the provisions of this law shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than Two Hundred and Fifty Dollars ($250). Acts 1937, 45th Leg., p. 1352, ch. 502, § 19."

A review of the above statutory provisions will reflect that the Legislature has

provided a time table by which finality of the Board's award may be established or an appeal therefrom be perfected.

■ Under the statute the claimant is given twenty days after the final award of the Board to file his notice of non-abidance and thereafter may within 20 days file suit in the district court to set aside the award of the Board. The district clerk is given 20 days after the suit is filed in which to notify the Board of its filing. If, after filing his notice of nonabidance the claimant fails to file suit to set aside the award it becomes final and the claimant is bound by it. It is apparent that a claimant who files a notice of nonabidance is not required to file a suit. He may do so if he wishes and such suit must be filed within the 20 day period prescribed by the statute. Filing of the notice of nonabidance is for the benefit and information of the Board. It does not deprive the Board of jurisdiction nor confer any jurisdiction upon the district court. No rights are affected by this notice nor is jurisdiction conferred upon the district court until suit is filed within 20 days after such notice. The filing of the notice of nonabidance merely sets up a time table which must be adhered to once it is filed commencing from the date of such filing. The filing of the notice of nonabidance puts the Board on notice that a suit may be filed in the district court which will deprive the Board of further jurisdiction. The suit must be filed within the time table prescribed by the statute in order to deprive the Board of jurisdiction or to confer jurisdiction upon the district court.

In the instant case the notice received by the Board was that the claimant *has* filed suit to set aside the award rather than notice that he *may* file a suit. The Board was immediately placed upon notice that it had no further jurisdiction and that jurisdiction had been conferred upon the district court in which the suit was filed. What additional information could a notice

of nonabidance on the part of the claimant have imparted? The Board was clearly notified of the claimant's unwillingness to abide by the Board's final award within the 20 day period. The notice was initiated by the claimant's suit filed for and on his behalf. Certainly he was an interested party. Article 8307, § 5, V.A.T.S., does not require notice to other "interested parties" as it once did. However, in this case the appellant was served with copy of petition and citation in the case within 11 days after the final award of the Board. Thus the time table was reduced or squeezed into 11 days rather than the maximum 40 days for the claimant and 60 days for the district clerk as prescribed by the statutes.

■ As previously stated the notice of nonabidance filed within the 20 day period following the final award is to set in motion the time table which must be adhered to. However, when all of the notices and action required by the statutes are complied with in the first twenty days after the final award the requirements of the time table have been satisfied.

The claimant's notice of nonabidance and the filing of his suit with service on the appellant was accomplished within the period of 11 days (March 13 to March 24, 1964) rather than the maximum 40 day period permitted by the statute and the notice required by the clerk was given within the same 11 days rather than the 60 days provided by statute.

■ Thus, within a period of 11 days from the time of the final award, the Board, because of the claimant's action in filing suit and the clerk's notification thereof, was clearly on notice, initiated by the claimant's action in filing suit, that the latter was not only unwilling to abide by the final award but had already filed his suit to set it aside. Likewise within the same 11 day period the appellant was served with copy of claimant's petition and citation. In our

opinion the statutory provisions relative to notice were satisfied.

The following excerpts from various designated sections of 63 Tex.Jur.2d are set forth below and reference is made to the authorities cited under each:

"The notice (of nonabidance) should actually be received by the board within the twenty-day period, and not merely mailed within that period." § 338, p. 323. In the instant case it was received within 10 days rather than 20 days.

"The statute does not require that the notice be signed by the claimant. A notice is sufficient only if it shows that the party giving it was a party to the award and in definite language advises the board that he will not abide by the award, but, on the contrary, will bring a suit to set it aside." § 339, p. 324.

The notice from the clerk in very definite language reflected that the claimant, a party to the award, did not intend to abide by it and had already filed suit to set the award aside.

"The filing of a notice of nonabidance with the board means the presentation of the notice to the board." § 340, p. 324.

"The statute establishes that unless the party dissatisfied with an award files his suit within twenty days after receipt by the board of his notice of nonabidance, he cannot have the award reviewed. * * * The words 'institute and prosecute,' as used in that portion of the statute that declares that the final ruling and decision of the board shall be binding, unless the dissatisfied party shall institute and prosecute a suit within the allotted period, *mean no more than that the party shall bring a suit.* * * *

"Similarly, *a filing of the suit before the board has received the notice is not necessarily fatal, and it has been said that there is nothing in the act that would render fatal the filing of suit before the giving of notice provided both were within twenty days after the award."* § 341, p. 325.

In the instant case notice was given, suit filed and appellant was served all within 11 days after the final award rather than within the 20 day period.

"A suit to set aside an award of the industrial accident board brought under the statute, is in fact a suit, not an appeal, though appellate in character, and *proceedings before the board are viewed as mere preliminaries to the suit. Thus the legal effect of bringing a suit to set aside an award or order is to divest the board of all jurisdiction in respect of the claim and to invest the court with jurisdiction over all parties and issues concerned,* subject only to the qualification that the rights and obligations of the parties in a suit brought under the act are entirely controlled by it except as to matters of form and procedure not therein prescribed. *The subject matter is withdrawn from the board when the suit is filed* and the statute prohibits the board from proceeding further toward the adjudication of the claim.

"The filing of the suit no longer has the effect of merely suspending the award or restoring it to effectiveness on abandonment or dismissal of the action; the award is abrogated, becomes a nullity, and, except for jurisdictional purposes, is as though it had not been. A claimant is out of court without an award or judgment in his favor if he fails to prevail." § 343, p. 328. (Emphasis supplied.)

The preceding paragraph reflects the harsh effects visited upon a claimant who with diligence files his suit within the statutory 20 days as distinguished from a claimant who gives his notice of nonabidance and fails to file a suit. The latter will be bound by the Board's award whereas the award would be a nullity for the diligent were the appellant to prevail in this cause. We do not believe this to

be the intent of the Legislature when all requirements as to notice and filing of the suit were performed within the 20 days following the award.

"There is no right to invoke the jurisdiction of the district court until the parties have exhausted the rights given them by the workmen's compensation law, and unless the board had jurisdiction the court itself can have none. Thus, unless the employer is given notice of the injury and the claim is acted on by the industrial accident board, the courts have no jurisdiction to hear and determine a suit for compensation based on the injury. It must be shown that the board has made a final award on a claim for compensation before the jurisdiction of the courts can be invoked. It should also be shown that notice of nonabidance was given and that suit thereafter was filed within the statutory periods." § 347, p. 334. All actions and notices required were filed within the first 20 days.

There is a long line of Texas cases which hold that compliance with the Texas Workmen's Compensation Act means only "substantial compliance." Pacific Indemnity Co. v. Woodall, 253 S.W.2d 490, 492 (Fort Worth Civ.App., 1952, ref'd).

The case of Maryland Casualty Co. v. Hodge, 49 F.2d 127 (CCA, 5th Cir., 1931), contains the following language: "The Texas courts have liberally construed the statute in favor of workmen, and have held that informal notice of injury and demand for compensation is sufficient. Texas Employers' Ins. Ass'n v. Tabor (Tex. Civ.App.) 274 S.W. 309, affirmed by the Commission of Appeals, 283 S.W. 779; Texas Employers' Ins. Ass'n v. Wonderley (Tex.Civ.App.) 16 S.W.2d 386. It is apparent from the provisions of the statute and the just cited cases that a substantial compliance with the provisions as to notice and filing of the claim is all that is required."

We find no application of the holding in Southern Surety Co. v. Arter, 44 S.W. 2d 913 (Tex.Com. of App., 1932), to the facts of this case. The Southern Surety Co. of New York admittedly was not a party to the suit before the Board.

In Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137, Commissioner Hickman, later Chief Justice of the Supreme Court in an opinion adopted by that court wrote as follows, "Were we to apply that same strictness to the notice and claim which is applied in passing on an exception to a pleading, the conclusion would doubtless be that the petitioner could not deny that he suffered a hernia on the date named. But, this court has consistently held that it was the intention of the Legislature that the proceedings with reference to giving notice and filing claims should be informal, and that great liberality should be indulged in determining the sufficiency and scope of such notices and claims."

In Pacific Indemnity Co. v. Woodall, 253 S.W.2d 490, 492 (Fort Worth Civ. App., 1952, Ref'd), it is stated: "The courts have many times held that the Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8306 et seq., is to be construed liberally to the end that the benefits desired would be conferred upon the injured employee and that his rights would not be denied by any strained or narrowed construction of the provisions of the law. * * The Rule that the Act must be liberally construed in the employee's favor should have particular application to the technical and procedural provisions of the Act. Texas Employers' Ins. Ass'n v. Beckman, Tex.Civ.App., 207 S.W.2d 183."

In summary we find that there has been substantial compliance if not strict compliance with all of the pertinent statutory provisions. Every jurisdictional fact or event has occurred within 20 days of the award. Appellant as well as the Board

was given adequate and timely notice and certainly the appellant sustained no harm.

In view of the facts and the authorities cited herein this court would be required to place a strained and strict construction upon the statutes in order to warrant a dismissal of the claimant's case simply because a clerk notified the Board that an "interested party" was dissatisfied with the award and had filed suit rather than a direct notification from the claimant. This is particularly true since it was the action and initiative of the claimant in filing his suit which set in motion and prompted the ultimate notice from the clerk. Our holding would be otherwise had the clerk failed to send such notice within the 20 days after the award as was permitted under the statute but the fact remains that notice was timely.

A person acting on behalf of an "interested party" such as a friend, relative or attorney can clearly cause compliance with the notice of nonabidance provided for in § 5 of Art. 8307, supra.

As shown previously it is not necessary for the claimant to personally sign such notice. Any person acting for the claimant must have the express or implied consent of the "interested party" in giving such notice. The district clerk with the implied knowledge and approval of the claimant was acting in the interest of and on behalf of the claimant, the "interested party", in forwarding to the Board notice of the filing of the suit before the expiration of the 20 days from date of the final award of the Board rather than to delay such notice until 20 days after the suit was filed.

We paraphrase the last paragraph of the opinion in Hart v. Texas Employers' Ins. Ass'n, 42 S.W.2d 798 (Amarillo Civ. App., 1931, Ref'd), to read as follows: "That the (appellant) and the board had

the statutory notice cannot be denied, and it is not shown that the failure to give the notice before filing the suit has in any way prejudiced the rights of any one. The provisions of the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.) are to be liberally construed, and, while substantial compliance with its provisions is required, the objection urged here is purely technical, * * *." We think that the trial court's action in refusing to sustain the various pleas and motions and in refusing to dismiss the case was proper.

For the reasons stated we are of the opinion that claimant has substantially complied with all formalities and requirements of the statute concerning notice and the timely filing of suit and that all of appellant's points of error should be and same are accordingly overruled and the judgment of the trial court should be and same is hereby affirmed.

Affirmed.

Massey, C. J., dissents.

DISSENTING OPINION ON MOTION FOR REHEARING

MASSEY, Chief Justice.

In the belief that the District Court lacked jurisdiction because of want of notice to the Industrial Accident Board as provided by Art. 8307, § 5, I would reverse the judgment of the trial court and dismiss the plaintiff's suit. This was the decision reached in the original opinion of this Court on October 7, 1966.

Defendant insurance company appealed on the ground that the court did not have jurisdiction because of plaintiff's failure to give notice to the Board that he would not abide by its final ruling and decision of March 13, 1964.

Plaintiff filed suit in a district court of Tarrant County on March 19, 1964 to set aside the Board's award.

"Industrial Accident Board
"Austin, Texas

"Gentlemen:

"This will advise that a suit was filed in this Court to set aside the award of the Industrial Accident Board of Austin, Texas, and styled:

"Harold E. Smith
"Vs.   No. 33993–C
"Liberty Mutual Insurance Company
"The number of the Board is _____
"The Date of the alleged injury was 5–10–63
"The Name of the Employer was Bell Helicopter Co.

"Yours very truly,
"George Johnson
"District Clerk Tarrant County, Texas
"By Sally B. Moran, Deputy."

On March 23, 1964, the Board received the following communication:

"Fort Worth, Texas

On March 24, 1964, defendant was served a copy of the petition and citation in the case filed in District Court.

The Board received no communication concerning notice and appeal except the letter from the deputy District Clerk.

Neither plaintiff nor his attorney communicated in any manner with the Board within twenty days after the date of the Board's award.

In the District Court suit defendant filed a sworn denial that notice was given the Board as required by Article 8307, Sec. 5, V.A.T.S.

Defendant, prior to trial, moved for dismissal and later moved for instructed verdict and judgment notwithstanding the verdict, all based on lack of jurisdiction because of plaintiff's failure to file notice with the Board in compliance with Article 8307, Sec. 5.

All motions were overruled and judgment, based on jury verdict, rendered for plaintiff.

Plaintiff contends the letter from the deputy District Clerk to the Board was substantial compliance, if indeed not strict compliance, with the statute, and also relies strongly on the well-established rule that the workmen's compensation laws should be liberally construed in favor of the claimant.

The pertinent portion of Article 8307, Sec. 5, is as follows: "All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision."

In Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084 (1926), the Supreme Court held: "This suit arises out of a workman's compensation proceeding, and it is therefore

in derogation of the common law. The rights to be enforced, and all the remedies provided therefor, are purely statutory, as distinguished from the common-law rights and remedies. * * * The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable. * * * The Workmen's Compensation Act having created the rights to be enforced and provided the remedy therefor, each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies. * * *"

In Traders & General Ins. Co. v. Lincecum, 126 S.W.2d 692 (Tex.Civ.App., 1939, no writ hist.), this court, speaking through Justice Speer, held: "It is so well settled in this state that the rights of the parties in such cases as this are determined alone by the provisions of our Workmen's Compensation Act, to the exclusion of all other remedies, that it requires no citation of authorities. It is equally well settled that the rights and remedies provided by the Act are statutory and must be complied with in all respects to mature the claim preparatory for the adjudication by the courts when not satisfactorily determined by the Industrial Accident Board. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Federal Surety Co. v. Jetton, Tex.Com. App., 44 S.W.2d 923."

In Texas Employers' Ins. Ass'n v. Leake, 196 S.W.2d 842 (Tex.Civ.App., 1946, ref., n. r. e.), we held: "The liberality with which the Act is to be construed cannot be extended so as to ignore the plain unambiguous language by virtue of which the Legislative Act is to effectuate its most wholesome purpose. Its very strength lies in the language of the statute and any recovery must come within its provisions. There are many essential elements which

enter into the rights of one seeking to recover compensation under the Act. A compliance with each is necessary for the courts to acquire jurisdiction on the statutory appeal from the award of the Board. Federal Surety Co. v. Jetton, Tex. Com.App., 44 S.W.2d 923; Scott v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 118 S.W.2d 354, error refused; Johnson v. Employers Liability Assur. Corp., 131 Tex. 357, 112 S.W.2d 449."

Substantially the same holdings were made in Hood v. Texas Employers' Ins. Ass'n, 260 S.W. 243 (Tex.Civ.App., 1924, no writ hist.); Taylor v. Royal Indemnity Co., 276 S.W.2d 412 (Tex.Civ.App., 1955, no writ hist.); Casualty Reciprocal Exchange v. Underwood, 33 S.W.2d 585 (Tex. Civ.App., 1930, no writ hist.).

Texas is cited in 100 C.J.S. Workmen's Compensation, § 721, pp. 1070–1071, as one of the states where procedure provided by statute must be strictly followed.

In Pappas v. Royal Indemnity Company, 251 F.2d 439 (U.S.Ct. of App., 5th Cir., 1958), the question before the court was whether or not failure to file notice of appeal with the Board within twenty days was fatal to the appellee. The Court held: "We think it is." The reasoning of the Court in reaching that result is applicable to the instant case. Said the Court: "Appellant would have had a better argument if the law had not been changed in 1927. Prior to 1927, Section 5 of Article 8307 required, in addition to notice of appeal to the Board, personal service of the notice on all adverse parties. It might have been argued then that omission of notice was cured by filing suit within twenty days; that the object of the requirement was to place the adverse parties on notice. *But the 1927 Amendment, excising notice to adverse parties, makes it clear that the sacramental notice is the notice to the Board. This is not just a technicality.* (Emphasis added.) Under Article 8306, Section 12d, the Board retains jurisdiction of a claim and may issue new orders and

alter its award until the notice of appeal is filed. There can be no appeal from an award that is not final. The effect of filing notice of appeal therefore is to make the award final and from that moment cut off the Board's power to issue further orders affecting the award."

The statute is clear and unambiguous in providing that "any interested party" who does not consent to abide by the final ruling shall file with the Board notice that he will not abide by the final ruling and decision.

The District Clerk was not an "interested party." He was not affected by the award of the Board. Southern Surety Co. v. Arter, 44 S.W.2d 913 (Tex.Com. App., 1932).

Whether statutory law would properly be construed liberally or strictly as applied to any action necessarily depends upon existence of jurisdiction. Where jurisdiction to decide a cause of action does not exist a court should dismiss. In my opinion that was the condition existent in the court below.