**William C. TREYBIG, III, Appellant,**

**v.**

**The HOME INDEMNITY COMPANY, Appellee.**

**No. 20998.**

Court of Appeals of Texas, Dallas.

April 23, 1982.

Rehearing Denied May 21, 1982.

Denny R. Martin, Law Office of John F. Bass, Dallas, for appellant.

P. Michael Jung, Strasburger & Price, Dallas, for appellee.

Before CARVER, STEPHENS and SPARLING, JJ.

STEPHENS, Justice.

This is an appeal from a summary judgment rendered against William C. Treybig, III, in his suit to recover workers' compensation benefits for an injury to his right hip. In addition to the motion for summary judgment, the trial court was presented with a plea to its jurisdiction alleging a fatal variance between the claim presented to the Industrial Accident Board and that presented to the court. On the same day, the trial court overruled the plea to the jurisdiction and granted the motion for summary judgment. Appeal is taken from both orders. We hold that appellee's plea to the jurisdiction should have been sus-

tained; accordingly, we reverse the judgment and dismiss the cause for want of jurisdiction.

Treybig was employed as an order filler for Safeway Stores' grocery warehouse in Garland, Texas. While in the course and scope of his employment, he sustained several compensable injuries. On November 9, 1976, Treybig sustained an injury to his right leg and hip for which he was compensated in October 1979. On December 12, 1976, he suffered another injury to his right leg and hip for which he received weekly compensation benefits. In connection with this later injury, he underwent a hernia repair on January 26, 1977, and a total hip replacement on October 19, 1978. A settlement of $15,000.00 for this claim was approved by the Industrial Accident Board on May 14, 1979.

The instant suit arose from a workers' compensation claim filed by Treybig with the Industrial Accident Board on September 20, 1978, which stated the date of injury as May 26, 1978, and described the injury as "hurt hip." Documents from the Board's file indicate that Safeway Stores had no record of an injury on May 26, 1978. Safeway did file an Employer's Supplemental Report of Injury for the injury date of December 12, 1976, stating that the employee began to lose time from work again on May 26, 1978. At this time, Travelers Insurance Company, the carrier responsible for the December 12, 1976 injury, resumed payment of weekly compensation benefits to Treybig. Home Indemnity Company filed a statement of position with the Board denying that Treybig had sustained a new injury on May 26, 1978, and contending that any disability was caused by prior injuries. The Industrial Accident Board denied the claim, finding the evidence did not establish that a compensable injury was sustained on May 26, 1978.

In his first amended original petition filed in district court, Treybig alleged that "on or about May 26, 1978, ... and at other times prior thereto, Plaintiff sustained damage or harm to the physical structure of the body, particularly the hip, as the result

of repetitious physical traumatic activities extending over a period of time while in the course and scope of employment." Treybig offered evidence that he was suffering from aseptic necrosis of the right hip, first documented in December 1977. The condition necessitated a total hip replacement in October 1978. Home Indemnity moved for summary judgment based upon the prior settlement of the December 12, 1976 injury claim, and a lack of evidence that Treybig had sustained a new injury on May 26, 1978. The trial court overruled Home's plea to the jurisdiction, but granted its motion for summary judgment.

■ As a jurisdictional prerequisite to the prosecution of an appeal to the district court, the workers' compensation claimant must plead and prove that his claim has been presented to the Industrial Accident Board. *Johnson v. American General Insurance Company*, 464 S.W.2d 83, 84 (Tex. 1971); *Solomon v. Massachusetts Bonding and Insurance Company*, 347 S.W.2d 17, 19 (Tex.Civ.App.—San Antonio 1961, writ ref'd). Additionally, there must be an identity of the injury or condition presented to the Board and that asserted in the district court. *Johnson v. American General Insurance Company, supra; Consolidated Underwriters v. Wright*, 408 S.W.2d 140, 143 (Tex. Civ.App.—Houston 1966, writ ref'd n. r. e.).

In the instant case, Treybig submitted his claim before the Industrial Accident Board on a form entitled "Notice of Injury or Occupational Disease and Claim for Compensation." The injury date was given as May 26, 1978, and in the space provided for description of accident or occupational disease, Treybig wrote, "hurt hip." He left blank the spaces provided for "Date of first distinct manifestation of disease" and "Date last injuriously exposed to hazards of disease." In its manner of completion, the claim suggests that the injury was the result of an accident occurring at a specific time and place, as opposed to an occupational disease developing over a period of time. However, his pleadings before the district court alleged an occupational disease in accordance with the definition contained in Tex.Rev.Civ.Stat.Ann. art. 8306, § 20 (Vernon Supp.1982). Other courts have not found a fatal variance between an Industrial Accident Board claim and the district court pleadings merely because the employee changes the characterization of his injury from accidental to occupational, or vice versa. *See Johnson v. American General Insurance Company, supra*, at 86; *Select Insurance Company v. Patton*, 506 S.W.2d 677, 681 (Tex.Civ.App.—Amarillo 1974, no writ); *Consolidated Underwriters v. Wright, supra*, at 145. In such cases, however, the Board claim and court pleadings have contained the same basic description and nature of the injury.

■ The function of the claim filed by the injured employee is to afford information as to what happened and to serve as a proper basis for investigation, hearing and determination of the claim. *See Johnson v. American General Insurance Company, supra*, at 86; *Twin City Fire Insurance Company v. Gibson*, 488 S.W.2d 565, 570 (Tex. Civ.App.—Amarillo 1972, writ ref'd n. r. e.). Home Indemnity contends that Treybig's claim did not contain sufficient information to apprise the insurer that the alleged compensable injury was an occupational disease. *Cf. Select Insurance Company v. Patton, supra*, at 681 (insurer did not contend first notice insufficient to report accidental injury). As a result, the claim was investigated as an accidental injury.

We recognize that the requirements of the Workers' Compensation Act are to be liberally construed in favor of the injured employee. *Select Insurance Company v. Patton, supra*, at 681; *Consolidated Underwriters v. Wright, supra*, at 145. However, the description of injury contained in Treybig's claim before the Industrial Accident Board was wholly inadequate to serve as a basis for investigation of an occupational disease. We note that this was not a situation where the employee was unaware of the extent of his injury at the time he filed his claim for compensation. Treybig's condition had been diagnosed in December 1977, and by September 20, 1978, when he filed his claim, he had sufficient information to describe the nature and cause of the injury.

■ Under these facts, we hold that a fatal variance existed between the claim presented to the Industrial Accident Board and that urged before the district court. Accordingly, the jurisdictional prerequisites of appeal were not satisfied. We do not reach the question whether summary judgment would have been proper had the trial court had jurisdiction. We reverse the trial court's denial of appellee's plea to the jurisdiction, and dismiss the cause for want of jurisdiction.

Reversed and dismissed.