**SERVICE LLOYDS INSURANCE COMPANY, Appellant,**

v.

**James L. SLAY, Appellee.**

**No. 08-90-00068-CV.**

Court of Appeals of Texas, El Paso.

Nov. 28, 1990.

Rehearing Overruled Jan. 2, 1991.

Gary Hill, Lori A. Pritchett, Michael Phillips & Associates, Houston, E. Thomas Bishop, E. Thomas Bishop, P.C., Darryl J. Silvera, Law Firm of E. Thomas Bishop, P.C., Dallas, for appellant.

Michael Kerensky, O'Quinn, Kerensky & McAninch, Houston, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

After a jury finding awarding total and permanent benefits under the Texas Worker's Compensation Act, the trial court entered judgment awarding the injured worker lifetime benefits payable in a lump sum. As reformed, we affirm the trial court's judgment.

## FACTS

James L. Slay was employed as a mechanic with Frontier Ford Sales, Inc. in Humble, Texas, when on February 8, 1985, he alleges he sustained an injury *"to his neck and upper back."* It was claimed that the accident occurred while Appellee was working underneath an automobile. He stated that the engine fell off of a hydraulic jack and struck him causing the injuries complained of. After complaining of persistent tingling and numbness of his extremities, a myelogram was done in December 1985, resulting in surgery on the Appellee's neck. Appellee's workers' compensation claim was filed with the Industrial Accident Board and resulted in an award in his favor. Appellant appealed the award to the trial court denying the on-the-job accident and asserting that if Appellee was suffering from any disability it was the result of a pre-existing condition unrelated to the employment. Appellant to this date has paid no compensation benefits to Appellee, steadfastly maintaining that it owes none.

## JURY FINDINGS

The jury, in answer to the questions submitted to them, found that:

(1) Appellee was injured in the course and scope of his employment;

(2) The injury resulted in permanent total incapacity;

(3) *The injury produced permanent total loss of use of both legs.*

Based on the jury findings, the trial court entered judgment for lifetime benefits, *payable in a lump sum,* plus past due medical expenses on which *prejudgment*

*interest was awarded,* and lifetime medical benefits.

*APPELLANT DID NOT TIMELY SEEK ANY RELIEF WHATSOEVER IN THE TRIAL COURT AFTER JUDGMENT WAS ENTERED, SUCH AS A MOTION FOR NEW TRIAL, MOTION TO VACATE, REFORM, CORRECT OR MODIFY THE JUDGMENT.*

As observed below, the Appellant's contentions represented by its four points of error are based solely on claimed trial court's error in entering the judgment that it did.

### POINTS OF ERROR and SCOPE OF REVIEW

Appellant's Points of Error Nos. One, Two and Three involve matters of law that were decided by the trial judge. DID THE TRIAL JUDGE RULE CORRECTLY ON THESE "LAW QUESTIONS?"

Point of Error No. One asserts the trial court erred in entering judgment for lump sum benefits under Article 8306, § 10(d) (Vernon Supp.1990).

The trial court found that under the statute he had discretion to "lump sum" lifetime benefits. Our review as to this point of error is whether, under the statute, lifetime benefits may be "lump summed" or must the lifetime benefits be paid in weekly installments? This was a pure "matter of law" decision by the trial court.

Point of Error No. Two asserts that the trial court erred in entering judgment awarding prejudgment interest on Appellee's past due medical expenses.

The jury found that Appellee was entitled to recover his past due medical expenses. This decision by the trial court will be reviewed also on the basis of whether or not the trial court correctly applied the law by awarding prejudgment interest on the past due medical expenses.

Point of Error No. Three asserts the trial court erred in entering judgment for lifetime benefits because Appellee's pleadings did not support the entry of such a judgment.

This is a matter of law challenge, therefore our review is limited to whether Appellee's pleadings were sufficient to support the award of lifetime benefits.

Point of Error No. Four asserts the trial court erred IN ENTERING JUDGMENT as the evidence only supports total and permanent incapacity of 401 weeks, not lifetime benefits.

The attack on "error of the trial court in entering judgment" raises a "no evidence" challenge and we will address the point of error on that basis. Calvert, *No Evidence and Insufficient Evidence Points of Error,* 38 Texas L.Rev. 361 (1960); Calvert, *How an Errorless Judgment Can Become Erroneous,* 20 St. Mary's L.J. 229 (1989).

### MATTER OF LAW POINTS OF ERROR

■ We first turn to the question of whether prejudgment interest can be applied to past due medical expenses (Point of Error No. Two). The trial court ruled "yes" and we find this was error. *Martinez v. Highlands Insurance Company,* 644 S.W.2d 442 (Tex.1982); *Standard Fire Insurance v. Morgan,* 745 S.W.2d 310 (Tex. 1987).

Point of Error No. Two is sustained.

Did Appellee's trial pleadings support the entry of a judgment for lifetime benefits? (Point of Error No. Three).

We hold *"YES"* and for several reasons: (1) Appellee's pleadings were sufficient; (2) no special exceptions were urged as to those pleadings; and (3) crucial medical evidence was admitted without timely objection being made by Appellant. Therefore, the issue of incapacity was tried by consent.

■ Appellee's trial pleadings alleged he sustained *"an injury to his neck and upper back"* and that he was *"totally and permanently incapacitated...."* [Emphasis added]. He then pled that he was *ENTITLED TO RECOVER THE MAXIMUM AMOUNT OF ALLOWABLE WEEKLY BENEFITS at the time of his injury FOR THE MAXIMUM AMOUNT OF TIME PERMISSIBLE under the Workers' Compensation Act or in the al-*

ternative *FOR 401 WEEKS, whichever is greater for his injuries and total incapacity.* The effect of this pleading was that the least he wanted was 401 weeks of benefits but primarily was seeking more or the maximum that could be obtained for his injuries and total incapacity.

■ If Appellant was unhappy, unsure or concerned with the potential benefits sought or claimed it should have urged exceptions to Appellee's pleadings. Tex.R. Civ.P. 90. It chose not to. As stated in *Roark v. Allen,* 633 S.W.2d 804 (Tex.1982) at page 809:

> *When there are no special exceptions, a petition will be construed liberally in favor of the pleader.* [Emphasis added].

In the *Roark* opinion the Supreme Court quoted from *Gulf, Colorado & Santa Fe Railway Co. v. Bliss,* 368 S.W.2d 594, 599 (Tex.1963):

> *The court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged. Every fact will be supplied that can reasonably be inferred from what is specifically stated.* [Emphasis added].

Appellant insists that it had not waived any pleading defect because it objected at trial to the insufficient pleading. Appellant contends that such an objection was made to a medical doctor's testimony regarding "total loss of use" *"because it [sic] has not been pled."* Appellant did make this objection in trial but it came too late for Appellant had previously allowed, without objection, medical testimony from Dr. Newmark, a neurologist, concerning the permanent damage the accident had caused to Appellee's spinal cord and the effect:

> *I think his leg strength is gone. I think in two years his chances of having significant recovery of his legs is simply not there. I suppose that you could say he could go to Lourdes ... but it's unlikely.* [Emphasis added].

> .    .    .    .    .

> *One possible scenario is he's just going to get weaker and he will eventually be, and which is probably the most likely is*

*that he would be wheelchair bound....* [Emphasis added].

Appellant fully cross-examined the doctor on results of spinal cord damage. Thereafter, when another medical doctor was called to testify that Appellant first made its objection to testimony on "total loss of use" because of lack of pleadings. We have already stated that we believe Appellee's pleadings were sufficient. Regardless, we find that Appellant also has waived any claim of error in the variance of the pleadings, evidence, jury charge and judgment when it failed to timely object and preserve error. Appellee's attorney on voir dire of the entire jury panel prior to selection of the jury went into the definition of "total loss of use" without any objection being made by Appellant's attorney. Thereafter, when it was Appellant's turn to voir dire the jury panel, the Appellant's attorney stated that he needed to clarify things already raised and thereafter stated:

> *[A]ny injury to the spine resulting in permanent and complete paralysis of both arms or both legs or one arm or one leg. IN THIS PARTICULAR SITUATION, THE PLAINTIFF ALLEGES A COMPLETE LOSS AND PARALYSIS OF BOTH OF HIS LEGS AS A RESULT OF AN ALLEGED BLOW TO HIS SPINE.* [Emphasis added].

Both Appellee and Appellant realized and fully discussed and questioned the jury panel as to the issues they would ultimately be deciding. After the jurors were selected, sworn and seated, the Appellee made his opening statement in which he said, *WITHOUT OBJECTION, "the last issue that I think the Judge will ask you about is whether or not he has total loss of use of his legs."* [Emphasis added].

Point of Error No. Three is overruled.

■ Point of Error No. One asserts that the trial court erred in entering judgment for lump sum benefits under Article 8306, § 10(d).

Section 10(d) of Article 8306 of the Workers' Compensation Act provides:

(d) The lifetime benefits to the employee payable under this section may not be paid in a lump sum *EXCEPT IN A CASE OF BONA FIDE DISPUTES AS TO LIABILITY OF THE ASSOCIATION.* Any settlement of a disputed case shall be approved by the Board or court only upon an express finding that a bona fide dispute exists as to such liability. [Emphasis added].

Appellant contends that the above language is identical to that of Section 8(d) of Article 8306 (Vernon Supp.1990) which pertains to death benefits:

(d) The benefits payable to a widow, widower, or children under this section *SHALL* not be paid in a lump sum except in events of remarriage or in case of bona fide disputes as to liability of the association for the death. [Emphasis added].

We do not equate the provisions of Section 10(d) with Section 8(d) as Appellant urges us to do. Appellant cites and relies on cases that concern "death benefits." *Walters v. Fidelity & Casualty Company of New York*, 611 S.W.2d 934 (Tex.Civ.App.—Eastland, 1981, writ ref'd n.r.e.); *Walden v. Royal Globe Insurance Company*, 577 S.W.2d 296, 300 (Tex.Civ.App.—Beaumont, 1979, writ ref'd n.r.e.).

The provisions of Sections 10(d) and 8(d) are initially different in that Section 8(d) contains the statement in regard to "no lump sum payments" uses the mandatory term *"shall" not be paid* while Section 10(d) pertaining to the lifetime injury benefits uses the discretionary language of *"may."*

Additionally, we look at Section 10(c) of Article 8306 (Vernon Supp.1990) which provides for no attorney's fees where lifetime benefits are involved, provided the insurance company admits liability before the Board and makes payments. This Section then states: *"If compensation is being paid in periodic payments,* any attorney's fee allowed by the Board or court shall be paid in periodic payments." [Emphasis added]. The statement "if compensation is being paid in periodic payments" is some indication by the legislature that lump sum-

ming of lifetime benefits is within contemplation under the lifetime benefit section.

In addition to the differences already stated between Sections 10(d) and 8(d), we note that: (1) the time frame of lifetime benefits under Section 8(d) is calculated by the remarriage or life span of the spouse or beneficiary, whereas under Section 10(d), the lifetime payments are linked directly to the life span of the injured employee; (2) there is no reference to hardship, injustice or a discount in calculating a lump sum payment in Section 8(d).

Under Section 10(d), we are dealing with a living ex-bread winner who is a "living" dependent now with considerably more than the average dependent needs. Discretion should vest in the trial court on whether or not to lump sum the lifetime benefits. The jury found "hardship." The injured Appellee is still relatively young and "lump summing" of the benefits could very well provide him with means to still be a productive person. We find no basis or reasoning explicitly or implicitly in the Act not to approve of the trial court's lump summing of lifetime benefits.

Point of Error No. One is overruled.

## NO EVIDENCE POINT OF ERROR

We now consider Point of Error No. Four on whether there was legally sufficient evidence to support the entry of the judgment for *"lifetime benefits."*

## LIFETIME BENEFITS

█ Section 11a(5) of the Texas Workers' Compensation Act (Vernon 1967) provides: "In cases of the following injuries, the incapacity shall conclusively be held to be total and permanent, to wit:"

(5) *An injury to the spine resulting in permanent and complete paralysis of both arms or BOTH LEGS or of one arm and one leg.* [Emphasis added].

Section 10(b) of the Act provides:

*If the injury is one of the six (6) enumerated in Section 11a ... the association shall pay the compensation for the life of the employee,....* [Emphasis added].

APPELLANT QUITE FRANKLY STATES IN THIS POINT OF ERROR THAT THE EVIDENCE "SUPPORTS A JUDGMENT FOR TOTAL AND PERMANENT CAPACITY FOR 401 WEEKS"—but not for a lifetime.

Since this is a legal insufficiency challenge, we will consider only the evidence tending to support the finding of "lifetime benefits," viewing it in its most favorable light, giving effect to all reasonable inferences that may be drawn therefrom, and we will disregard all contrary or conflicting evidence. *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981).

Appellant contends that the evidence does not support total loss of use of both legs. It quite frankly states in its brief that *"Appellant feels that the pleadings on file and the evidence produced by Appellee may be enough to support a finding of total and permanent incapacity for 401 weeks, but it is not enough to support a finding of total loss of use of both legs."* [Emphasis added].

If there is more than a scintilla of evidence to support the jury finding of *"total loss of use of both legs"* the no evidence challenge fails. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). It is not within the province of the court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947).

The testimony of the initial treating doctor (Dr. Newark), a board certified neurologist, was that Appellee's condition grew progressively worse as it pertained to the function of his legs. He testified that he could only walk a few steps. The doctor testified that Appellee's condition would get worse and that eventually he would be in a wheelchair. In the last deposition of Dr. Newark he stated that he had last seen Appellee in October of 1987 and was of the opinion that: *"He will not have any useful movement to his legs."* [Emphasis added]. The crucial question propounded to the doctor is set forth below:

Do you have an opinion based on reasonable medical probability whether or not James Slay has suffered an injury to his spine which will in the future result in permanent and complete paralysis of both his legs? For the purposes of this question, complete paralysis means complete loss of all practical function of both legs? Do you have an opinion about that?

The doctor answered *"Yes."* He was then asked, *"What is your opinion?"* To which the doctor answered, *"I think he's going to be paralyzed."* The doctor was also of the opinion that further surgery could not cure the vascular problems in the spinal cord because the *"spinal cord does not regenerate."* He did not believe surgery offered any hope.

The evidence before the jury was sufficient to support the finding that Appellee had suffered *"total loss of use of both legs."*

Point of Error No. Four is overruled.

We reform the judgment of the trial court to exclude the award of prejudgment interest on past due medical expenses; otherwise the judgment of the trial court is affirmed.