(1969).

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Benito PARRA, Appellee.

No. 08–90–00047–CV.

Court of Appeals of Texas, El Paso.

March 6, 1991.

 

Joel B. Locke, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellant.

Jerry P. Childs, Robert E. White, Childs & Bishop Law Offices, Inc., Odessa, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

OPINION

WOODARD, Justice.

This is an appeal from a worker's compensation judgment ordering a $152.25 per week payment for life, based upon a jury finding of total and permanent loss of use of both legs of the Claimant/Appellee. We affirm in part, and reverse and remand in part.

Point of Error No. One alleges error because of the variance between Appellee's administrative claim and his appeal from the award of the Industrial Accident Board (IAB).

■ There must be an identity of the injury or condition presented to the IAB and that asserted in the district court. *Treybig v. Home Indemnity Company,* 632 S.W.2d 896 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). The function of the claim filed by the injured employee is to afford information as to what happened and to serve as a proper basis for investigation, hearing and determination of the claim. *Id.*

■ In this case, Appellee's claim of injury consisted of "[t]he tongs on drilling rig broke both my legs & injured my body." He pled total loss of use of both legs in his original petition and injury to his back, chest and both legs, which cumulatively resulted in total and permanent incapacity as well as total and permanent loss of use of both legs in his fourth amended original petition.

It is not required that employees know the correct legal classification of the injury nor the exact medical name of the condition, injury or disease. *Lewis v. American Surety Co.,* 143 Tex. 286, 184 S.W.2d 137 (1944); *Liberty Mutual Insurance Company v. Smith,* 410 S.W.2d 27 (Tex.Civ.App.—Fort Worth 1966, writ ref'd n.r.e.). The claim was legally sufficient to give the district court jurisdiction, especially in view of the liberal construction required to be given the Compensation Act notice requirements. *Select Insurance Company v. Patton,* 506 S.W.2d 677 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.). Point of Error No. One is overruled.

Point of Error No. Two alleges error in the submission of broad form questions to the jury. The issues complained of are as follows:

(1) Were the injury(s) or will they be a producing cause of any total loss of use of both legs of Benito Parra?

(1A) Was the duration of the total loss of use of both legs of Benito Parra permanent?

If these questions had been answered "no," conditionally similar questions as to each leg were asked. The objections made to the trial judge were that the submission, because of the testimony of different percentage of injuries to each leg, "makes it virtually impossible for the jury to comprehend or follow through with the particular issues involved and the Defendant says that this Court should submit issues as to the right leg and as to the left leg and specific issues as to each one of those particular legs. Defendant says that it is improper, it is prejudicial, and that it is against the great weight and preponderance of evidence and there is no evidence to support or justify the submission of the issues as a package or a shotgun affair which is what the Court is doing insofar as Issue No. 1 and 2 are concerned."

Argument under Point of Error No. Two states the submission was confusing to the jury, prejudicial, against the great weight and preponderance of the evidence and adds a new complaint that the submission constituted a comment on the weight of the evidence.

■ The objections of "may confuse the jury" and "prejudice the defendant" are too general since they do not explain why it is legally incorrect, how it would confuse the jury or how it would prejudice the defendant. *Castleberry v. Branscum*, 721 S.W.2d 270, 277 (Tex.1986).

■ The testimony of the physician who operated upon the Claimant disclosed complicated injuries in both legs. He diagnosed a thirty-five percent disability to one leg and a twenty-five percent disability to the other. He further predicted the Claimant would not be able to return to any type of work requiring him to lift more than ten

to fifteen pounds. The record also disclosed that the Claimant's condition would probably not improve enough to enable him to return to full, heavy manual labor. Claimant did testify that he could operate an automobile, but that was "[s]ometimes, very carefully." The verdict is not so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

The objection of "comment on the weight of the evidence" was not made to the trial court, and is, therefore, waived. Tex.R. App.P. 52.

■ Appellant's complaint as to the "shot gunning" of the jury questions must be viewed in the light of *Island Recreational Development Corporation v. Republic of Texas Savings Association*, 710 S.W.2d 551 (Tex.1986), which approves broad-form issue submission under Tex.R. Civ.P. 277, and in *Texas Department of Human Services v. E.B.*, 802 S.W.2d 647 (Tex.1990), in which the court stated broad-form submission *shall* be used *whenever feasible*. Point of Error No. Two is overruled.

Point of Error No. Three alleges factual insufficiency of evidence to support the verdict. This matter has been covered in the preceding point of error. Point of Error No. Three is overruled.

■ Point of Error No. Four urges error in the trial court's award of lump sum attorney's fees.

In *Texas Employers Insurance Association v. Motley*, 491 S.W.2d 395 (Tex.1973), it was reasoned that the possible temptation of an attorney to argue for lump sum benefits for his client so that the attorney could receive lump sum attorney's fees should be inhibited by allowing lump sum fees even when the Claimant received periodic payments. Although the Board was expressly prohibited by former Article 8306, § 7c from awarding lump sum attorney's fees when the Claimant was to receive periodic payments, the court was not. Article 8306, § 7d gave the court discretion

to fix and allow attorney's fees and, therefore, the trial court had the power and discretion to order a lump sum payment.

Article 8306, § 10(c), however, provided that if compensation to the Claimant is being paid in periodic payments, attorney's fees allowed by the Board *or court* shall be paid in periodic payments. Of course, an individual claimant's life-span cannot be predicted with certainty. Precision in maintaining the ratio of percentage of attorney's fees to the Claimant's award is a factor the legislature may have then desired. Even so, the trial court had discretion to award Claimant lifetime benefits in lump sum. *Service Lloyds Insurance Company v. Slay*, 800 S.W.2d 359 (Tex. App.—El Paso 1990, writ pending). This would allow lump sum attorney's fees. Therefore, the desire for restraint of self-interest of the lawyer, as expressed in *Texas Employers Insurance Association v. Motley*, still prevails. Article 8308–4.09 of the new Workers' Compensation Act now expressly allows the Board (commission) or the court to award lump sum attorney's fees in this situation, and exactness in computation is no longer a factor. Nonetheless, the reasoning under *Texas Employers Insurance Association v. Motley*, was that the legislature intentionally excluded the court from restrictions placed upon the Board in awarding lump sum attorney's fees in Section 7c so that Section 7d could control. Applying that reasoning in converse to the case at hand, the statute expressly prohibits the Board and the court from such award in Section 10(c) so that Section 7d would not control. It is established law in Texas that the general provisions of a statute must yield to the special provisions. *Nelson v. Texas Employment Commission*, 290 S.W.2d 708 (Tex.Civ.App.—Galveston 1956, writ ref'd). It is not likely that the legislature meant the word "shall" to be mandatory in its restriction of the Board's award in Section 7c and only directory to the Board and the court in the awards under Section 10(c). Point of Error No. Four is sustained.

Judgment of the trial court is affirmed except as to attorney's fees. That portion of the judgment is reversed and remanded to the trial court with instructions to reform the judgment to award attorney's fees in periodic payments in conformity with this opinion.